Urbano ANZALDUA et al., Appellants,

v.

Sid W. RICHARDSON, Appellee.

Nos. 18080, 18085.

Court of Civil Appeals of Texas.

San Antonio.

May 4, 1955.

Rehearing Denied May 25, 1955.

170

Wilson & Wilson, Falfurrias, for appellant.

Rankin, Kilgore & Cherry, Ramiro B. Martinez, Edinburg, for appellee.

POPE, Justice.

Appellants have filed a motion to extend the time to file the transcript and statement of facts and appellee resists the motion. We are called upon to read Rule 386, T.R.C.P. That rule requires the appellants to "file the *transcript and statement of facts* with the clerk of the Court of Civil Appeals within sixty days from the rendition of the final judgment or order overruling motion for new trial· * * *." The rule also provides that by motion filed within fifteen days after the expiration of such sixty-day period, showing good cause to have existed within such sixty-day period, the Court of Civil Appeals may permit the same to be thereafter filed. Such motion was timely filed, and the question now before us is whether there is a showing of good cause. The sixty-day period expired April 18th.

Appellants, after losing their case in the trial court, changed counsel. The new attorney, on the day he was employed and twenty-seven days after the judgment became final, ordered a transcript and statement of facts. The attorney's motion for extension of time to file those instruments was based upon the fact that the statement of facts was not yet ready. It was not completed until April 20th. Appellee urges that appellants should have filed the transcript even though the statement of facts was not ready.

■ The objection to extending the time for filing the record is based on the assumption that this Court lost all jurisdiction when the transcript was not filed, even though good cause may have existed for late filing of the statement of facts. The rule is clear and itself answers the question before us. Neither Rule 386, T.R.C.P., nor any other rule, speaks of or compels a separate filing of the transcript and the statement of facts. It speaks of the two instruments conjunctively and together. This is consistent with Rule 371, which states: "The record on· appeal shall consist of a transcript and, where necessary to the appeal, a statement of facts." Appellants' motion informs us that the record in this case consists of both a transcript and a statement of facts, and that the court reporter can not complete the statement of facts within the sixty-day period. Therefore, the record in this case, which is the transcript *and* statement of facts, can not be filed within the sixty-day period. An attorney can no more file· a transcript *and* a statement of facts before the court reporter finishes his work than a child.can deliver an apple *and* an orange.to his teacher when he has no orange.

■ When the transcript and statement of facts are not filed the timely motion takes their place. While it is true that the transcript may be, and often is, filed separately, no rule requires it. We see no sound reason to compel a separate filing of· the parts of the record when the rules are silent on that subject, and when to add such a meaning to the rule as written would defeat an appeal.

■ ·We hold,· therefore, that a timely motion which asserts as grounds for late

filing, the fact that the statement of facts for good cause is not ready, is also sufficient reason for the late filing of the transcript, when both instruments are included within the motion, as in this case.

We are not impressed by the deputy district clerk's affidavit that she could have finished the transcript within the sixty-day period, since all she had to do was to put the manuscript cover on the transcript and affix the clerk's seal. She stated she could have done that in a matter of thirty minutes, at any time after March 25th, but withheld doing it to see if the attorneys who ordered the record might desire still other instruments in the transcript, which never occurred. The clerk's job was to fill the order on the basis of the attorney's request for the transcript, and not to hold up and delay the transcript second-guessing the attorneys. The record was due in this Court on April 18th. In the face of the deputy clerk's affidavit of the progress made on the transcript, the District Clerk's certificate to the transcript was dated April 20, 1955. That was the date the transcript was finished. It was not in fact completed and could not have been delivered until then.

Significantly also the bill of costs includes, as it should, the cost for the statement of facts. That item is a small part of the transcript, and can not be placed in the transcript until it it known, which means that the statement of facts must be completed in most instances. This too is sufficient reason for believing that the rule intended that both the transcript and statement of facts very properly may be filed together as the record.

The transcript and statement of facts have been received by the Clerk of this Court and appellants' motion to extend the time to file the record is granted.

W. O. MURRAY, Chief Justice (dissenting).

I do not concur in the opinion of the majority.

We have here two motions, one original and the other supplemental, for an en-largement of time within which to file the transcript and statement of facts in this Court. These two motions were timely filed within the seventy-five day period allowed by Rule 386, T.R.C.P., and if they show "good cause" to have existed within the sixty-day period, why the transcript and statement of facts could not have been filed within such sixty-day period, then it would be our duty to grant such motions and allow the tardy filing of the record in this cause, otherwise it is our duty to overrule these motions.

Rule 389, T.R.C.P. requires the Clerk of a Court of Civil Appeals not to file a transcript unless it is received by him within the sixty-day period or unless ordered to do so by the Court. Rule 389-a makes a similar requirement with reference to the statement of facts.

Rules 5 and 437, T.R.C.P., provide in effect that the Court of Civil Appeals may not grant an enlargement of time within which to file the transcript and statement of facts except as is provided for by Rule 386, T.R.C.P. Rule 386 provides, in effect, that the Court cannot grant an enlargement of time within which to file the transcript and statement of facts unless a timely motion is filed in the Court of Civil Appeals "showing good cause to have existed within such sixty-day period why said transcript and statement of facts could not be so filed (within the sixty-day period)."

There may have been some confusion at one time as to just how much discretion the Court of Civil Appeals had with reference to the granting of an enlargement of time for the filing of the transcript and statement of facts, but since the Supreme Court decision of Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587, 590, reversing the Court of Civil Appeals' opinion, found in 245 S.W.2d 536, there has been no doubt. The Supreme Court went into the historical background of Rule 386 and pointed out that its provisions were first enacted by the Legislature and found in Art. 1839, Vernon's Ann.Civ.Stats. In speaking of the discretion which the Court of Civil Appeals has in passing upon motion for enlarge-

ment of time for the filing of the transcript and statement of facts under the provisions of Rule 386, the Court said:

"The rules leave no doubt that the court intended to adhere to the strictness of amended Article 1839. Rule 5 vests broad discretion in courts to allow enlargement of the time within which some acts are required or allowed to be done, but Rule 437 makes it clear that such discretion is not allowed in passing on a motion to enlarge the time for filing transcript and statement of facts in this language: 'the court may make no enlargement of time prohibited by Rule 5 nor any enlargement of the time for filing transcript and statement of facts except as contemplated by Rule 386.' The Legislature has said in no uncertain terms that civil litigation should not be drawn out but should be disposed of with dispatch. By court rules we have sought to adhere to that policy. The end result should be a better administration of justice. That result cannot be obtained if the statute designed to attain it is not enforced according to its clear intent. * * * No court takes pleasure in denying to a litigant the right to have his case reviewed on appeal, but when a court decides the law to be as declared in this opinion, it has no alternative but to deny that right."

See also, Crawford v. Crawford, Tex.Civ. App., 256 S.W.2d 875; Straley v. Commissioners Court, etc., Tex.Civ.App., 266 S.W.2d 469; Hanna v. Home Ins. Co., Tex.Civ.App., 260 S.W.2d 891; Blackman v. Housing Authority of City of Dallas, Tex.Sup., 254 S.W.2d 103.

Respondent here has filed replies to Movants' motions and has supported such replies with affidavits from the district clerk, deputy district clerk and the official reporter of the 93d District Court of Hidalgo County, the court from which this appeal is attempted. Movants have also filed affidavits, but the facts seem to be undisputed.

It is clear that movants permitted twenty-six days of their sixty-day period to elapse before they ordered either the transcript or the statement of facts. There is no "good cause" shown for this delay. Rule 376, T.R.C.P., requires an appellant to promptly file with the clerk his written direction for a transcript. If he fails to do this he must show "good cause" for his delay before he can secure an enlargement of time for the filing of the transcript in the Court of Civil Appeals. Rule 377, § c, requires the same thing with reference to the statement of facts. Where an appellant delays in ordering the transcript and statement of facts without "good cause" for such delay, he cannot secure an enlargement of time for filing the same in the Court of Civil Appeals. Douglass v. Mercer, Tex.Civ.App., San Antonio, 124 S.W. 2d 401; United States v. Pacific Finance Corp., Tex.Civ.App., 270 S.W.2d 459.

Notwithstanding the delay in ordering the transcript, it had been prepared and could have been completed within thirty minutes any time after March 25, 1955. One of movants was in the clerk's office on April 15, 1955, and was asked if he did not want to wait and take the transcript with him, but he replied that he did not. This was three days before the expiration of the sixty-day period provided for filing the transcript in this Court. There is an utter failure of "good cause" for the delay in filing the transcript independent of the delay in placing the order for it.

The opinion of the majority is remarkable in this, though there are a great number of decisions, both by the Supreme Court and the several Courts of Civil Appeals of this State, construing the provisions of Rule 386, and also construing Art. 1839, Vernon's Ann.Civ.Stats., when these same provisions were contained therein, not a single one of these many decisions is cited or discussed by the majority. It seems to me that the opinion of the majority is in conflict with most of these decisions, and I respectfully dissent from that opinion.