Clyde DUNCAN, Petitioner,

v.

Eunice DUNCAN, Respondent.

No. A–9586.

Supreme Court of Texas.

July 31, 1963.

R. E. Murphey, Coleman, Mark Callaway, Brownwood, for petitioner.

O'Neal Dendy, San Angelo, for respondent.

GREENHILL, Justice.

This is a divorce case. Our jurisdiction rests upon a conflict of opinions of the Courts of Civil Appeals.

A proper construction of Rule 386, Texas Rules of Civil Procedure, is the question presented by this appeal. That rule requires an appellant to file "the transcript *and* statement of facts" with the Court of Civil Appeals within 60 days from the trial court final judgment. The rule also permits a motion for extension of time for filing the above instruments upon a showing of good cause, provided such motion is filed within 15 days from the expiration of the 60-day period.

The facts here are these: Relative to his appeal in the Court of Civil Appeals, Clyde Duncan filed a motion for extension of time to file the transcript and statement of facts. The Court of Civil Appeals first granted the motion, but then set aside its order, and affirmed the trial court's judgment on certificate. The Court of Civil Appeals ordered that its opinion be not published under our Rule 452.

The Court of Civil Appeals stated that for purposes of its opinion, the motion for extension was assumed to have been timely filed within the 15-day period. The court then held that "good cause" was *not* shown since the transcript was completed and in Clyde Duncan's possession before the end of the 60-day period. Even though the

statement of facts had not yet been prepared by the court reporter, the Court of Civil Appeals concluded that Rule 386 nevertheless required a showing of why the transcript, by itself, could not have been filed within the 60 days. Petitioner Duncan complains that this holding is in direct conflict with the opinion of the San Antonio Court of Civil Appeals, under identical circumstances, in Anzaldua v. Richardson, 279 S.W.2d 169, (1955). No application for writ of error was made in that case. The issue was clearly drawn in that opinion in which the Chief Justice of that Court of Civil Appeals dissented. We agree that the two opinions and decisions are in conflict.

■ This Court approves the Anzaldua interpretation of Rule 386. As pointed out by Justice Pope in the Anzaldua decision, it is physically impossible to file the transcript *and* statement of facts, as required by the express language of the rule, when there is no statement of facts yet in existence.

■ The argument is further made by Respondent Eunice Duncan that regardless of the existence of good cause, the motion for extension was not timely filed within the 15-day period allowed by Rule 386. The motion was stamped, showing the filing date as December 26, 1962, which would appear to be the 77th day from the date of final judgment on October 10. The deadline for filing appears to have been December 24.

There are, however, several pencilled notations next to the clerk's stamp which indicate that the motion may have been timely deposited in the mail in accordance with Rule 5. One notation says "Timely filed Dec. 25 holiday and 75th day." Another says "Letter dated Dec. 20 Thurs. Filed Dec. 26." As stated, the stamped file mark on the motion shows that the instrument was filed Dec. 26, 1962; but the 6 in the date "26" is in pencil. The original date of the stamp had been erased and is not legible. The mailing jacket, which would ordinarily show a mailing date, is not in the record sent us.

Since the Court of Civil Appeals assumed, without deciding, that the motion for extension was timely filed, and since the facts relating to this particular requisite of jurisdiction are not sufficiently developed for decision by this Court, the cause is remanded to the Court of Civil Appeals for determination thereof under Rule 406. Gist v. Holt, Tex.Civ.App., 173 S.W.2d 216, 1943, writ refused w. o. m.; Leuer v. Smith, 335 S.W.2d 775, Tex.Civ.App., 1960, no writ.

The judgment of the Court of Civil Appeals is reversed and the cause is remanded to that Court to determine whether motion was timely filed; and if timely filed, whether "good cause" existed in the light of this opinion.