HILL CHEMICALS COMPANY, Inc.,
Appellant,

v.

Walton S. MILLER d/b/a Employers Insurance Service, Appellee.

No. 7984.

Court of Civil Appeals of Texas,
Texarkana.

Sept. 15, 1970.

Rehearing Denied Oct. 13, 1970.

**906**

Bowen L. Florsheim, George C. Dunlap, Smith, Smith, Dunlap & Canterbury, Dallas, for appellant.

Jerry Lastelick, Daugherty, Bruner, Lastelick & Anderson, Dallas, for appellee.

DAVIS, Justice.

This is a suit for damages upon a written contract and an amendment thereto for personal services rendered by plaintiff Walton S. Miller. The parties will be referred to as they were in the trial court. Plaintiff sued defendant, Hill Chemical

Company, Inc., on an original contract and an amendment thereto, both dated June 26, 1967.

The case started to trial March 17, 1969, before a jury. There were four special issues submitted. On March 19, 1969, the jury answered the first three special issues in favor of plaintiff. Plaintiff filed a motion to disregard the fourth special issue and the jury's answer thereto and to enter judgment in his favor. The trial court granted plaintiff's motion and signed and entered a judgment in his favor on May 2, 1969.

Defendant filed a motion for a new trial and filed an amended motion for new trial on May 28, 1969. There does not appear in the record any signed agreement between plaintiff and defendant that had been filed with the district clerk to extend the time for the trial judge to act upon the amended motion for a new trial. Therefore the amended motion for new trial was overruled by operation of law on July 12, 1969. Defendant filed a written notice of appeal on July 7, 1969. Defendant filed a written direction of matters to be included in the transcript with the district clerk on July 25, 1969. Defendant also filed with the district clerk on July 25, 1969, a written request in which it directed the court reporter to prepare a formal statement of facts, including all exhibits introduced by any and all parties during the trial of the case.

■ Defendant filed a supersedeas bond that was dated July 24, 1969, and was approved and filed by the District Clerk on July 25, 1969. On July 28, 1969, the trial judge signed and entered an order overruling the amended motion for new trial. This order is, in truth and in fact, a nullity. Rule 329(b) T.R.C.P. Azopardi v. Hollebeke, Tex.Civ.App.1968, 428 S.W.2d 167, n. w. h.; Flowers v. Muse, Tex.Civ.App., 1968, 427 S.W.2d 727, err. ref.; Argonaut Southwest Insurance Company v. Morris, Tex.Civ.App., 1967, 420 S.W.2d 760, err.

ref., n. r. e.; Wilkinson v. Wilkinson, Tex. Civ.App., 1967, 419 S.W.2d 226, n. w. h.

Plaintiff probably thought the appeal would be perfected, because on August 4, 1969, he wrote a letter to the District Clerk designating certain instruments to be included in the transcript.

The defendant filed a motion in the Court of Civil Appeals on August 21, 1969, requesting an extension of time for the "Court Reporter" to prepare the *transcript* and statement of facts until October 25, 1969. The motion, nor the affidavit of the Court Reporter, did not set out the date the judgment was signed and entered, the date the amended motion for new trial was filed, the date the amended motion for new trial was overruled by operation of law, nor the date the Statement of Facts was due to be filed in the Court of Civil Appeals. The defendant based the motion upon the lack of time for the court reporter to prepare the *"transcript"* and statement of facts and attached an affidavit of the court reporter to the motion. Omitting the heading and the signatures, the motion for extension of time reads as follows:

"TO THE HONORABLE COURT OF CIVIL APPEALS:

"Now comes Hill Chemicals, Inc., Appellant in the above captioned and numbered cause and moves the Court to grant it an extension of time until October 25, 1969, in which to file the *Transcript* and Statement of Facts in the above captioned and numbered cause, and as ground of such motion will show the Court that the official court reporter, whose affidavit is attached hereto and marked Exhibit A, states that it is impossible due to the press of official business for him to prepare such *Transcript* and Statement of Facts and file the same prior to the said October 25, 1969. Further Appellant has received the approval and agreement of appellee to such extension of time.

"WHEREFOR, premises considered Appellant moves the Court as aforesaid." (Emphasis added)

The affidavit of the court reporter that is attached to the motion reads as follows:

### "AFFIDAVIT

"Before me a Notary Public in and for said County and State on this day appeared Mr. Denis Dineen known to me to be the person whose name is subscribed herein, and after being by me duly sworn on his oath stated as follows:

"I am the official court reporter charged with the responsibility of preparing the *Transcript* and Statement of Facts in the above captioned and numbered case for filing in the Court of Civil Appeals. Because of the press of official business it will be impossible for me to prepare and file such *Transcript* and Statement of Facts within the original sixty (60) days allotted by the Rules and it is my best estimate at this time that I will need until approximately October 25, 1969 to prepare and file the same.

S/Denis Dineen
_____
Denis Dineen, 160th Dist. Court Reporter during trial of above case.'

"SWORN to and prescribed before me this 1st day of August, 1969.

S/Ralph D. Ratton (?)
_____
Dallas County, Texas
Notary Public

EXHIBIT A". (Emphasis added)

The motion for extension of time, nor the affidavit, did not state the true facts. The facts set out in the motion and the affidavit do not constitute a "good cause" for an extension of time in which to file the *Transcript*. Preparing the transcript is the duty of the "District Clerk" and must be attended to within sixty days after the signing and entering of the final judgment, the order overruling a motion or amended motion for new trial, or when a motion or amended motion for new trial is overruled by operation of law.

Rule 386, T.R.C.P. reads as follows:

"In appeal or writ of error the appellant shall file the transcript and statement of facts with the clerk of the Court of Civil Appeals within sixty days from the rendition of the final judgment or order overruling motion for new trial, or perfection of writ of error; provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen days after the expiration of such sixty-day period, showing good cause to have existed within such sixty-day period why said transcript and statement of facts could be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe. As amended by order of Oct. 10, 1945, effective Feb. 1, 1946."

The amended motion for new trial was overruled by operation of law in this case on July 12, 1969. The defendant had sixty days in which to secure a transcript from the District Clerk and file it within the Clerk of the Court of Civil Appeals. There was nothing signed by the District Clerk to show that he would not be able to prepare the transcript within the 60 days, and the time to file the transcript expired on September 10, 1969. The transcript was not filed until September 25, 1969, which was entirely too late.

 The Court of Civil Appeals were in error in granting the motion for an extension of time in which to file the Transcript, because no "good cause" was actually shown to exist. There was no affidavit, nor written evidence filed by the District Clerk. The Transcript was prepared by the District Clerk and was filed in the Court of Civil Appeals on September 25, 1969. This was probably done through an error on the part of the defendant, thinking the order overruling the amended mo-

tion for new trial on July 28, 1969, was a good and effective order. But, there a "good cause" is not shown for an extension of time in which to file the transcript. The time is limited by Rule 386, T.R.C.P. Barron v. Barron, Tex.Civ.App., 1963, 365 S.W.2d 425, n. w. h. An error in granting a motion for an extension of time in which to file a transcript, after the prescribed time had expired, without first showing a "good cause", is a matter that cannot be waived. Straley v. Commissioners' Court of Lampasas County, Tex.Civ.App., 1953, 266 S.W.2d 469, n. w. h.

Although, the Court of Civil Appeals erroneously granted the motion for extension of time to file the transcript in this case, does not give the Court of Civil Appeals jurisdiction. The motion and the affidavit did not state the true facts, give the date the judgment was signed and entered, the date of the filing of the amended motion for new trial, the date the amended motion for new trial was overruled by operation of law, nor the date the Transcript was supposed to be filed in the Court of Civil Appeals. The order of the trial judge in overruling the amended motion for a new trial was a nullity, and there was no affidavit, nor any evidence signed and filed by the District Clerk, the extension of time was not procured in the proper manner. Magnolia Petroleum Company v. Klingeman, Tex.Civ.App., 1951, 242 S.W.2d 950, err. ref.

Rule 5 T.R.C.P. relating to the power of courts to enlarge the time in which a given act may be allowed to be done, does not authorize an extension of time for filing a transcript in the Courts of Civil Appeals, but the matter is governed exclusively by this rule. Cocke v. Birr, 1944, 142 Tex. 432, 179 S.W.2d 958. Rule 386 T.R. C.P. by its words is most restrictive that the Court of Civil Appeals were in error and did not have the discretion to permit the late filing of the transcript in this case, because there was no "good cause" shown. State v. Camper, Tex.Civ.App., 1953, 261 S.W.2d 465, err. ref.

■ There are various "good causes" or grounds for extension of time in which to file a transcript in the Court of Civil Appeals; but, that "good cause" must be shown by an affidavit or some written evidence signed and by the District Clerk, or County Clerk, (when a case is being appealed from the County Clerk).

■ It is not necessary that the statement of facts be prepared and filed at the same time of the filing of the transcript. A delay of filing of the statement of facts does not show good cause for the late filing of the transcript. Whitt v. Hartgraves, Tex.Civ.App., 1967, 412 S.W.2d 344, n. w. h. Where lack of diligence on the part of defendant accounted for failure to comply with the rule requiring filing of the transcript and statement of facts with the Clerk of the Court of Civil Appeals within sixty days after final judgment and the overruling of the amended motion for new trial by operation of law, the motion for extension of time for filing such transcript was required to be denied by the Court of Civil Appeals. Williams v. Williams, Tex. Civ.App., 1965, 392 S.W.2d 539. As to other good causes, see Consolidated Casualty Insurance Company v. Wade, Tex.Civ. App., 1963, 373 S.W.2d 841, err. dism.; Lynn v. Clark, Tex.Civ.App., 1961, 351 S.W. 2d 538, n. w. h.; Watson v. Jones, 348 S.W. 2d 414, n. w. h.; Dellerman v. Trager, Tex. Civ.App., 1959, 327 S.W.2d 667, err. dism.; Fellers v. Anco Sales Company, Tex.Civ. App., 1959, 327 S.W.2d 797; Ortiz v. Associated Employers Lloyds, Tex.Civ.App., 1956, 294 N.W.2d 880, n. w. h.; Jaye v. Texas Consolidated Oils, Tex.Civ.App., 1956, 287 S.W.2d 688, n. w. h.; United States v. Pacific Finance Corporation, Tex.Civ. App., 1954, 270 S.W.2d 459, n. w. h.; Hannah v. Home Insurance Company, Tex.Civ. App., 1953, 260 S.W.2d 891; Matlock v. Matlock, 1952, 151 Tex. 308, 249 S.W.2d 587; Rigdon v. Panhandle Publishing Company, Tex.Civ.App., 1950, 233 S.W.2d 230, n. w. h.; State ex rel. Crawford et al. v. Wagner et al., Tex.Civ.App., 1947, 203 S. W.2d 795, err. ref.

For the reasons set out in the foregoing opinion, this Court is without jurisdiction in this case.

The appeal is dismissed.

## ON MOTION FOR REHEARING

Defendant, Hill Chemical Company, Inc., has filed a most forceful and excellent motion for a rehearing in this case. This writer did not feel like the attorneys had used due diligence in getting an extension of time to file the Transcript.

The Transcript is the instrument that must be filed in due form within 60 days after the judgment is signed and filed by the Trial Judge, or within 60 days after the motion for new trial, or the amended motion for new trial is overruled by the trial judge, provided, the trial judge signs and files an order within 45 days after the motion for new trial, or the amended motion for new trial, has been filed with the District Clerk. Otherwise, the motion for new trial, or the amended motion for new trial is overruled by operation of law.

Defendant admits that the amended motion for new trial was overruled by operation of law on July 12, 1969. It, prematurely, filed a written notice of appeal on July 6, 1969. On July 28, 1969, the trial judge signed and filed an order overruling the amended motion for new trial, which he had no authority to do. Defendant had already prepared a supersedeas bond dated July 24, 1969, which was approved and filed by the District Clerk on July 25, 1969. The defendant, in securing the Transcript, apparently thought the order signed by the trial judge would govern the 60 day period for the filing of the Transcript because it was filed in the Court of Civil Appeals on Sept. 25, 1969, which would have been in time if the order of the trial judge in overruling the amended motion for new trial had been effective. But, such was not the case.

We feel that in order to show due diligence, and a "Good Cause", the attorneys attempting to perfect the appeal are required to secure some evidence, in writing, verified by affidavit, from the District Clerk or some one else necessary to show good cause, setting up a good cause, or reason, why the District Clerk will not be able to prepare the Transcript for filing in the Court of Civil Appeals within the 60 days as required by Rule 386, T.R.C.P. The affidavit must set out the facts in detail, must advise the Court of the date of the judgment, or order being appealed from, and also whether or not a request for additional time was made to the trial court. 4 T.J. 2nd 89, Sec. 565, and cases cited therein. When they did not do that in this case, the Court of Civil Appeals did not have any jurisdiction provided by either of our Constitutions, Statutes or Rules of Civil Procedure to grant the extension of time. 4 T.J. 2nd 90, Sec. 566; 3 T.J. 2nd 492, Sec. 231, and the cases cited in both sections.

Jurisdiction over a case must be determined by the Court of Civil Appeals whether or not the question is raised by either party to the suit. 3 T.J. 2nd 300, Sec. 33, and authorities cited therein.

The Transcript, in proper form, gives the Court of Civil Appeals jurisdiction. Rule 386, T.R.C.P.; 3 T.J. 2nd 647, Sec. 393. It is not necessary, or mandatory, that the Transcript and Statement of Facts be filed at the same time. Such was not true in this case.

In this case there is no affidavit from the District Clerk that he could not prepare the Transcript within the 60 days time provided by Rule 386, T.R.C.P. *That is the instrument that gives the Court of Civil Appeals jurisdiction.* The Statement of Facts could have been filed later on the affidavit of the Court Reporter.

The motion is overruled.