**HILL CHEMICALS COMPANY, Inc.,**
**Petitioner,**

v.

**Walton S. MILLER d/b/a Employers Insurance Service, Respondent.**

**No. B–2423.**

Supreme Court of Texas.

Jan. 27, 1971.

Smith, Smith, Dunlap & Canterbury, George C. Dunlap and Bowen L. Florsheim, Dallas, for petitioner.

Daugherty, Bruner, Lastelick & Anderson, Jerry Lastelick, Dallas, for respondent.

PER CURIAM.

This is a suit on a written contract for personal services. The 160th District Court in Dallas County rendered judgment for plaintiff on the jury's verdict. Defendant appealed, timely filing all pertinent papers. He also filed a motion for an extension of time to file the transcript and statement of facts as provided by Rule 386, Texas Rules of Civil Procedure. The motion was granted by the Dallas Court of Civil Appeals.

The transcript was filed in the Dallas court within the extended time but after the deadline as originally determined by the overruling of an amended motion for new trial. Before the record was completed we transferred the case to the Texarkana Court of Civil Appeals in a docket equalization order. The statement of facts was filed in the Texarkana court within the extended time.

On its own motion the Texarkana Court of Civil Appeals has dismissed the appeal on the grounds that the cause shown in the affidavit accompanying the motion to extend time for filing was good cause for the statement of facts only. 459 S.W.2d 905.

This decision is in conflict with the holding of Anzaldua v. Richardson, 279 S. W.2d 169 (Tex.Civ.App.—San Antonio 1955, no writ), which said "* * * a timely motion which asserts as grounds for late filing, the fact that the statement of facts for good cause is not ready, is also sufficient reason for the late filing of the transcript, when both instruments are included within the motion. * * *" We expressly approved this interpretation of Rule 386 in Duncan v. Duncan, 371 S.W.2d 873 (Tex.Sup.1963), emphasizing that both instruments are included when the motion for an extension of time to file includes the transcript *and* the statement of facts. An extension for both had been granted in this case by the Dallas court and it was error for the Texarkana court to later decide good cause was not shown for late filing of the transcript.

Pursuant to the provisions of Rule 483 we reverse the judgment of the Court of Civil Appeals on the application therefor without granting the writ of error. The cause is remanded to that court to be reinstated on its docket for consideration of the appeal on the merits.

WALKER, J., not sitting.