**I. A. BEAN, Appellant,**

**v.**

**CITY OF ARLINGTON, Appellee.**

**No. 18637.**

Court of Civil Appeals of Texas, Fort Worth.

Feb. 5, 1971.

Craig, Whiteley, Boring, Morrison, Miles & Spurlock, Hurst, for appellant.

Owens & Fortney, Fort Worth, for appellee.

## OPINION

## ON MOTION FOR EXTENSION OF TIME TO FILE RECORD

LANGDON, Justice.

I. A. Bean, appellant, has presented to this Court his motion to extend the time for filing the transcript and statement of facts in this cause.

In our consideration and determination of this matter we will not be serving as a court of review as in the ordinary appeal because the proceeding originated in this Court. Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587 (1952); Exchange Estates, Inc. v. Donaldson, 412 S.W.2d 780 (Fort Worth, Tex.Civ.App.1966, no writ hist.);

and Green v. Davis, 451 S.W.2d 579 (Fort Worth, Tex.Civ.App.1970, no writ hist.).

On November 20, 1970, the order overruling the appellant's amended motion for new trial was signed by the trial court. The order was approved as to form by George W. Boring of the firm of Craig, Whiteley, Boring, Morrison and Miles, as "Attorneys for Defendants", Damon Shipp and I. A. Bean. (Damon Shipp is not a party to this motion.)

A letter dated January 21, 1971, written on the letterhead of the law firm of Craig, Whiteley, Boring, Morrison and Miles, and signed by George W. Boring, was directed to the clerk of this Court enclosing the motion of the appellant, I. A. Bean, for the extension of time.

The motion was received and filed in this Court on January 22, 1971.

The motion, signed by George W. Boring, as attorney for appellant, recites, "That due to the illness and subsequent operation on Appellant's attorney, George W. Boring, he was unable to order the transcript and statement of facts timely for their presentation to this Honorable Court within the sixty day period"; and further, "that the illness of George W. Boring which is the cause underlying Appellant's Motion to Extend Time herein requested, is now proceeding satisfactorily and that the attorney, George W. Boring, has now returned to full time practice of law."

The above motion does not reflect the date on which Mr. Boring became ill, the nature of such illness or the date of his recovery. R. T. Miles was co-counsel during trial of the cause. Mr. Miles ordered the statement of facts in the case on December 18, 1970. This was timely and a show of diligence. There is no showing in the motion as to why Mr. Miles or one of the other attorneys of the firm could not have attended to the other matters here involved. The handling of such matters could very readily have been accomplished by using the telephone, the U.S. mail, or the Western Union telegram or messenger service.

The motion of Bean for extension of time is not verified by affidavit. It is not supported by any written evidence, verified by affidavit. This procedure is contrary to the requirements set out in Rhodes v. Turner, 164 S.W.2d 743 (Fort Worth, Tex.Civ.App.1942, no writ hist.), and Carter v. City of Fort Worth, 357 S.W.2d 581 (Fort Worth, Tex.Civ.App.1962, ref., n. r. e.).

On January 28, 1971, the City of Arlington filed its reply to the motion of I. A. Bean. It was accompanied by written evidence verified by affidavits of the attorney for the City of Arlington, the court reporter who prepared the statement of facts, and the transcript clerk (Deputy Clerk) in the office of the District Clerk.

The affidavit of the court reporter reflects the statement of facts was ordered on December 18, 1970, as above reflected, and that it was ready on January 18, 1971, within the 60 day period. On the same date, January 18, 1971, the attorneys for I. A. Bean were notified of its completion. It was not picked up that date. On the following day, January 19, 1971, the statement of facts was delivered to Mr. R. T. Miles, one of the attorneys for I. A. Bean.

Mr. Miles presented the statement of facts to the attorney for City of Arlington on January 19, 1971, for signing. The attorney refused to sign same at that time because "I. A. Bean had neither filed an appeal bond, nor a supersedeas bond, nor made a cash deposit in lieu thereof with the District Clerk of Tarrant County, Texas, within 30 days after the date of the order of the trial court overruling the amended motion for new trial."

On January 21, 1971, I. A. Bean filed his written request with the District Clerk of Tarrant County requesting a transcript in this cause and on the same date made a deposit of $200.00 with the District Court in lieu of an appeal bond. These facts are

established by written evidence verified by the Deputy District Clerk.

Rule 354, Texas Rules of Civil Procedure, prescribes the requirement of the cost bond or cash deposit in lieu thereof.

Rule 356, T.R.C.P., "Time for Filing Cost Bond", provides: "(a) Whenever a bond for costs on appeal is required, the bond shall be filed with the Clerk within thirty days after rendition of judgment or order overruling motion for new trial. If a deposit of cash is made in lieu of bond the same shall be made within the same period. * * *"

Rule 386, T.R.C.P., "Time to File Transcript and Statement of Facts", provides: " * * * the appellant shall file the transcript and statement of facts with the clerk of the Court of Civil Appeals within sixty days from the rendition of the final judgment or order overruling motion for new trial, * * * provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen days after the expiration of such sixty-day period, showing good cause to have existed within such sixty-day period why said transcript and statement of facts could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe."

Rule 4, T.R.C.P., provides the yard stick for computation of time periods.

The days designated in Article 4591, Vernon's Ann.Civ.St., are the only legal holidays within the meaning of Rule 4, T.R.C.P. Smith v. Harris County-Houston Ship Chan. Nav. Dist., 160 Tex. 292, 329 S.W.2d 845 (1959).

The date of the act after which time begins to run is not to be counted but where an act is required to be done within a stated time, the last day of the period is to be included. Pitcock v. Johns, 326 S.W.2d 563 (Austin, Tex.Civ.App.1959, ref.), and De Leon v. Holt, 322 S.W.2d 659 (Austin, Tex.Civ.App.1959, no writ hist.). See other cases cited under Rule 4, T.R.C.P.

The Supreme Court of Texas has expressly approved the rule of law that a motion timely filed which asserts as grounds for late filing the fact that for "good cause" the statement of facts is not ready is also sufficient reason for the late filing of the transcript when both the statement of facts and the transcript are included within the same motion. Anzaldua v. Richardson, 279 S.W.2d 169 (San Antonio, Tex.Civ.App.1955, no writ hist.); Duncan v. Duncan, 371 S.W.2d 873 (Tex. Sup.1963); Hill Chemicals Co., Inc. v. Miller d/b/a Employers Ins. Service, Tex., 462 S.W.2d 568, in which the Court of Civil Appeals opinion in 459 S.W.2d 905 was reversed.

In the case at bar the only element in common with the established principle above enunciated is timely filing. It is apparent that no good cause for the delay has been established for the late filing of either the statement of facts or the transcript.

In applying Rule 4, T.R.C.P., to November 20, 1970, the date on which the motion for new trial was overruled, the following schedule, in compliance with Rules 356 and 386, supra, should have been observed in perfecting an appeal in this cause:

*December 21, 1970*—On this date the appeal bond or cash in lieu thereof should have been filed. Since the 30th day fell on Sunday, December 20, 1970, the following Monday, December 21, 1970, is the last day on which such bond could be timely filed.

*January 19, 1971*—On this date the statement of facts and the transcript in the absence of "good cause" should have been filed. Otherwise, such filing would not be timely under Rule 386, supra.

This Court cannot arbitrarily grant an enlargement of time for filing the record. The provisions of Rule 386, T.R. C.P. are mandatory and jurisdictional. In the absence of a showing of good cause we have no jurisdiction to grant an enlargement of time. Dellerman v. Trager, 327

S.W.2d 667 (San Antonio, Tex.Civ.App. 1959, writ dism.); Green v. Davis, 451 S. W.2d 579 (Fort Worth, Tex.Civ.App.1970, no writ hist.). In the Green case the transcript was timely filed. In the instant case neither the statement of facts nor the transcript was timely filed and good cause was not shown for the failure to file either of them. Carter v. City of Fort Worth, 357 S.W.2d 581 and Rhodes v. Turner, 164 S. W.2d 743, supra.

■ Based upon the authorities and the facts above related we find and hold that the appellant has not demonstrated good cause for the extension of time in which to file the statement of facts and transcript and thus we have no jurisdiction to grant such an extension.

■ Even though our holding were to the contrary we would be required to dismiss the appeal because the cost bond or cash deposit in lieu thereof was not timely filed in accordance with Rule 356, T.R.C.P.

In this connection we cite 3 Tex.Jur.2d, p. 564, § 309, under the heading of "Timely filing as jurisdictional", where it is said: "Observance of the time requirement for making the deposit or filing the bond or affidavit is jurisdictional and mandatory. The requirement cannot be waived. Nor can the time be extended.

"If the bond, affidavit, or deposit is not filed or made within the prescribed time, the appellate court has no discretion either to authorize or to excuse a delay, even of one day and for good reasons; in such case, the court can only dismiss the appeal. The objection of noncompliance with the time requirements may be raised at any time in the court of civil appeals or in the supreme court by any interested party, or the appellate court may note the matter and dismiss on its own motion. Indeed, it is the duty of the clerk of the appellate court to discover and advise the court that an appeal bond was not filed in time, since this is jurisdictional." See authorities cited under § 309, 3 Tex.Jur.2d, supra, and under Rule 356, T.R.C.P.

■ Rule 5, T.R.C.P., does not authorize an extension of time in which to file an appeal bond. Maples v. Service Mut. Ins. Co. of Texas, 169 S.W.2d 500 (Austin, Tex.Civ.App.1943, writ dism.). The amendment to Rule 5, supra, effective January 1, 1971, does not effect the holding in the Maples case.

The motion of I. A. Bean is accordingly overruled.