**PARKS–DAVIS AUCTIONEERS, INC., et al., Appellants,**

v.

**L & W TONG SERVICE, INC., Appellee.**

**No. 807.**

Court of Civil Appeals of Texas, Corpus Christi.

May 17, 1973.

Rehearing Denied June 7, 1973.

Law Offices of Thomas G. Crouch, Patricia Abbitt, Dallas, for appellants.

Glusing & Sharpe, Nelson Sharpe, Kingsville, for appellee.

## OPINION

NYE, Chief Justice.

The appellants have filed their motion for an extension of time in which to file their transcript and statement of facts. The appellee opposes the motion. In support of its motion to dismiss the appeal, appellee has filed an affidavit from the district clerk stating that the appellants did not request a transcript in the above entitled cause within the sixty days following the overruling of the amended motion for new trial.

The facts show that the judgment was rendered on February 7, 1973. Appellants' amended motion for new trial was over-ruled on February 26, 1973. Notice of appeal was filed on March 5, 1973 and a cost and supersedeas bond was filed and approved on March 12, 1973. The time for filing the record in this Court ended on April 27, 1973.

The record shows that the appellants requested the official court reporter to prepare the statement of facts on February 21, 1973 and renewed the request by written letter on March 22, 1973. On April 25, 1973, appellants filed their motion for extension of time in which to file the transcript and statement of facts. The appellee opposed the motion asserting that good cause is not shown for such extension of time because the appellants have not requested a transcript in this case. Appellee attached an affidavit from the district clerk to that effect. On May 4, 1973, (the 67th day), the appellants tendered a transcript to the clerk of this court and three days later tendered a supplemental transcript. On the next day, May 8, 1973, appellants amended their motion for extension of time in which to file the transcript and statement of facts. Appellants do not attempt to refute the district clerk's affidavit that the transcript was not ordered within the sixty days following the overruling of the motion for new trial.

Rule 386, Texas Rules of Civil Procedure states:

"In appeal or writ of error the appellant *shall file the transcript and statement of facts with the clerk* of the Court of Civil Appeals *within sixty days* from the rendition of the final judgment or order overruling motion for new trial, or perfection of writ of error; provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen days after the expiration of such sixty-day period, *showing good cause to have existed within such sixty-day period why said transcript and statement of facts could not be so filed,* the Court of Civil Appeals may permit the same to be

thereafter filed upon such terms as it shall prescribe." (emphasis supplied)

■ This rule requires that "good cause" must have existed "within such sixty-day period why said transcript and statement of facts could not be so filed". Good cause initially depends on whether the record was requested promptly. Rule 376 requires that "the appellant *shall* promptly file with the clerk and deliver or mail to the appellee or his attorney a copy of such written direction, . . ." for the transcript. This, along with the request for the statement of facts, if appropriate, is the initial step in the preparation of the record for appeal. An appeal can hardly be had without the transcript which must be promptly requested with notice of such request to the opposing side. This places the opposite party on notice that an appeal of the case is in the making.

In a rather recent case by the Supreme Court of Texas, the Supreme Court said:

". . . We hold, therefore, that when a timely motion is made for an extension of time in which to file a transcript or statement of facts, supported by proof that the clerk of the trial court or the court reporter, as the case may be, *could not, after request was made,* prepare the part of the record requested in time for filing with the clerk of the court of civil appeals *within sixty days* after entry of judgment or order overruling the motion for new trial, the court of civil appeals, in deciding the question of 'good cause' for the extension, has a duty to decide, in the light of all attendant facts and circumstances, *the preliminary question of whether the request for the record was made within a reasonable time after notice of appeal was given. . . ."* (Emphasis supplied.) Patterson v. Hall, 430 S.W.2d 483 (Tex.Sup.1968).

The preliminary question of whether the appellants made a prompt request for the record within a reasonable time after notice of appeal has been given, is severely restricted by the qualifying phrase: "why said transcript and statement of facts could not be so filed" (within the sixty-day period specified in Rule 386.) "The salient point of consideration is not why the record was not filed, but why the record could not be filed—a fundamental and drastic difference." Justice Charles L. Reynolds, Appellate Record, 4 Texas Tech Law Review 1, at page 10.

■ The Supreme Court says that the court of civil appeals has a duty to decide whether the request for the "record" was made within a reasonable time if notice of appeal has been given. Patterson v. Hall, supra. We hold that appellants' motion for extension of time must be denied because the facts fail to show that good cause existed within the sixty-day period why the transcript and statement of facts could not be filed in this court. Rule 386, T.R.C.P. See Wigley v. Taylor, 393 S.W. 2d 170 (Tex.Sup.1965); cf. Vanity Fair Properties v. Billingsley, 464 S.W.2d 159 (Tex.Civ.App.—San Antonio 1970) and Williams v. Williams, 392 S.W.2d 539 (Tex.Civ.App.—Tyler 1965); Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587 (1952).

The appellants contend in effect that if, in a motion for extension of time in which to file the transcript and statement of facts, they can show good cause to exist for the late filing of the statement of facts, then, this in itself is sufficient to do away with the preliminary requirement of the prompt request for the transcript, so long as their motion shows good cause to cover the late filing of the statement of facts. They cite Anzaldua v. Richardson, 279 S.W.2d 169 (Tex.Civ.App.—San Antonio 1955). The interpretation of Rule 386 in *Anzaldua* was approved in Duncan v. Duncan, 371 S.W.2d 873 (Tex.Sup.1963). The Court of Civil Appeals in Anzaldua, speaking through Justice Pope, said:

"We hold, therefore, that a timely motion which asserts as grounds for late filing, the fact that the statement of facts for cause is not ready, is also suf-

ficient reason for the late filing of the transcript, when both instruments are included within the motion, as in this case."

The Anzaldua case is distinguishable from the case before us. There, preliminary rules of appellate civil procedure had been complied with. (Rules 376 and 377(c)). In *Anzaldua*, the attorney for the appellant had ordered the transcript and the statement of facts 27 days after the judgment had been entered, the very first day he was employed to prosecute the appeal. The court did not have to consider whether there had been a prior request for the record. The same was true in Hill Chemicals Company v. Miller, 462 S.W.2d 568 (Tex.Sup.1971). The request for the record was in compliance with Rules 376 and 377(c), T.R.C.P. See Hill Chemicals Company v. Miller, 459 S.W.2d 905–907 (Tex.Civ.App.—Texarkana 1970).

Mr. Justice Reynolds in his article in the Texas Tech Law Review, supra, said:

"Before appellant is entitled to relief from the command to file the record within the limited time, he must demonstrate good cause for not doing so; that is, he must give a reason satisfactory to produce the conclusion that the record could not be so filed. The term 'good cause' is a comparative one, indeed, it has been said that 'it will not be possible to say what constitutes good cause. . . . ' In peculiarly similar factual circumstances, it may be that findings of the presence and absence of good cause appearing to produce disparate decisions are motivated by the courts' discretionary balancing of the equities—the vital weighing between the harshness of the applicable rule and the tolerance of humanism to prevent one from being denied his day in court by a technicality. In view of the strictness of the rules, the peculiar facts of a given situation may leave the court with little or no discretion in passing on the issue of good cause; yet, the state of facts may be

such that the question of good cause necessarily becomes a discretionary decision of the court. This is particularly true when the court must determine if the applicant acted promptly to secure the record."

Appellants' motion for extension of time to file transcript and statement of facts is denied.

Appeal dismissed.