**Wesley EMBRY, Appellant,**

v.

**BEL–AIRE CORPORATION d/b/a Mobile-home Park and Floyd Clark, Appellees.**

**No. 12052.**

Court of Civil Appeals of Texas, Austin.

June 27, 1973.

Rehearing Denied July 25, 1973.

Frank T. Ivy, Austin, for appellant.

Dan Moody, Jr., Graves, Dougherty, Gee, Hearon, Moody & Garwood, Austin, for appellee.

SHANNON, Justice.

Wesley Embry, appellant, filed with the clerk of this Court a motion for extension of time to file a transcript and statement of facts. Appellees, Bel-Aire Corporation, doing business as Mobilehome Park, and Floyd Clark, opposed the motion, primarily on the basis that appellant had not requested a transcript of the district clerk within the required time. We previously granted appellant's motion, but after consideration, we have concluded that the order granting the motion to extend time for filing should be set aside.

The events culminating in the filing of appellant's motion follow. The judgment was entered on November 22, 1972. No motion for new trial was filed. The time for filing the record in this Court ended on January 22, 1973.

On December 21, 1972, appellant requested the court reporter by letter to prepare ". . . in question and answer form, a complete transcript of all testimony adduced upon trial of this cause." Obviously, by this letter, appellant intended to order a statement of facts. On February 5, 1973, within the time permitted by Texas Rules of Civil Procedure 386, appellant filed his motion for extension of time in which to file the transcript and statement of facts. As grounds for the motion appellant stated that the court reporter had moved to Missouri and that she would be unable to prepare the "transcript" and statement of facts within the time allowed by Rule 386. Appellant never requested the district clerk to prepare a transcript until February 9, 1973, some seventy-nine days after the rendition of judgment.

Tex.R.Civ.P. 386, provides that by motion timely filed with the Clerk of the Court of Civil Appeals "good cause" may be shown why the transcript and statement of facts could not have been filed within the prescribed time. Tex.R.Civ.P. 376, provides that the appellant shall "promptly" file with the clerk of the trial court a written direction of those proceedings to be included in the transcript.

■ Appellant filed his motion for extension of time within the time permitted by Rule 386. This Court is authorized to extend the time for filing the transcript and statement of facts upon a showing of "good cause" why the transcript and statement of facts could not have been filed within the sixty-day period.

■■ Many cases hold that the inability of the court reporter to prepare the statement of facts because of the press of official business constitutes "good cause." Texas Tech University: Reynolds, Texas Rules of Civil Procedure 385 and 386: Whether to Extend the Definitive Time for Filing the Appellate Record, 4 Texas Tech L.Rev. 1, 11 (1972). In considering the motion for extension of time, however, the preliminary question to be decided is whether the requests for the preparation of the transcript and the statement of facts were made within a reasonable time after the rendition of judgment or overruling of the motion for new trial. Patterson v. Hall, 430 S.W.2d 483 (Tex.1968). Appellant requested the court reporter to prepare the statement of facts on December 21, or twenty-nine days after the entry of the judgment. Twenty-nine days was within a reasonable time to make the request for the statement of facts. Patterson v. Hall, *supra*.

The request of the district clerk for the preparation of the transcript came seventy-nine days after the entry of judgment, and, of course, was not within the time allowed by Rule 386.

■ Appellant contends that good cause for failure to file the statement of facts

within the sixty-day period is good cause for failure to file the transcript without regard to circumstances surrounding the failure to file the transcript. Appellant relies on Hill Chemicals Co. v. Miller, 462 S.W.2d 568 (Tex.1971); Duncan v. Duncan, 371 S.W.2d 873 (Tex.1963), and Anzaldua v. Richardson, 279 S.W.2d 169 (Tex.Civ.App., 1955, no writ).

The same contention made by appellant was made by appellants and rejected recently by the 13th Court of Civil Appeal in Parks-Davis Auctioneers, Inc., et al. v. L & W Tong Service, Inc., 496 S.W.2d 679 (Tex.Civ.App., Corpus Christi, 1973).

In Parks-Davis Auctioneers, Inc., *supra,* the court considered a motion for extension of time to file the transcript and statement of facts. There the appellant had not requested the district clerk to prepare a transcript within the sixty days following the overruling of the motion for new trial. The appellants contended that if they could show good cause to exist for the late filing of the statement of facts, then, that was sufficient to remove the preliminary requirement of the prompt request for the transcript, so long as their motion showed good cause for the late filing of the statement of facts.

In rejecting appellants' contention, Chief Justice Nye wrote,

"They [appellants] cite Anzaldua v. Richardson, 279 S.W.2d 169 (Tex.Civ.App. —San Antonio 1955). The interpretation of Rule 386 in *Anzaldua* was approved in Duncan v. Duncan, 371 S.W. 2d 873 (Tex.Sup.1963). The Court of Civil Appeals in Anzaldua, speaking through Justice Pope, said:

'We hold, therefore, that a timely motion which asserts as grounds for late filing, the fact that the statement of facts for good cause is not ready, is also sufficient reason for the late filing of the transcript, when both instruments are included within the motion, as in this case.'

The Anzaldua case is distinguishable from the case before us. There, preliminary rules of appellate civil procedure had been complied with. (Rules 376 and 377(c)). In *Anzaldua,* the attorney for the appellant had ordered the transcript and the statement of facts 27 days after the judgment had been entered, the very first day he was employed to prosecute the appeal. The court did not have to consider whether there had been a prior request for the record. The same was true in Hill Chemicals Company v. Miller, 462 S.W.2d 568 (Tex.Sup.1971). The request for the record was in compliance with Rules 376 and 377(c), T.R.C.P. See Hill Chemicals Company v. Miller, 459 S.W.2d 905–907 (Tex.Civ.App.— Texarkana 1970)."

The order of this Court granting appellant's motion for extension of time for filing the transcript and statement of facts is set aside, and this appeal is dismissed for want of jurisdiction.

Dismissed for want of jurisdiction.