**Wesley EMBRY, Petitioner,**

**v.**

**BEL–AIRE CORPORATION d/b/a Mobile-
home Park and Floyd Clark,
Respondents.**

**No. B–4193.**

Supreme Court of Texas.

Nov. 7, 1973.

Rehearing Denied Dec. 12, 1973.

Frank T. Ivy, Austin, for petitioner.

Graves, Dougherty, Gee, Hearon, Moody
& Garwood, Dan Moody, Jr., Austin, for
respondents.

PER CURIAM.

In this case judgment was entered on
November 22, 1972, after trial to the court.
No motion for new trial was filed. On
February 5, 1973, the appellant filed his
motion for extension of time in which to
file the statement of facts and transcript.
This was within the time permitted by
Rule 386, Texas Rules of Civil Procedure.
The grounds for the motion were that the
court reporter had moved to Missouri and
would be unable to prepare the statement of
facts and "transcript" within the time al-
lowed by Rule 386. The motion was
granted by the Court of Civil Appeals.
The statement of facts and the transcript
were filed within the extended time.
However, the court subsequently set aside
its order of extension, and dismissed the
appeal for want of jurisdiction, because the
appellant had not requested a transcript
from the clerk until February 9, 1973, a
period of 79 days after rendition of judg-
ment. 497 S.W.2d 466.

In Anzaldua v. Richardson, 279 S.W.2d
169 (Tex.Civ.App.1955, writ ref., n.r.e.),
the motion for extension of time to file the
statement of facts and transcript was based
upon the fact that the statement of facts
was not ready. The contention was made
that the Court of Civil Appeals lost juris-
diction when the transcript was not filed in
time, there being no showing of good
cause or request for an extension as to the
transcript. In denying this contention, the
court interpreted Rule 386 as not requiring
a separate filing of parts of the record,
and held:

"We hold, therefore, that a timely mo-
tion which asserts as grounds for late
filing, the fact that the statement of
facts for good cause is not ready, is also
sufficient reason for the late filing of

the transcript, when both instruments are included within the motion, as in this case."

In Duncan v. Duncan, 371 S.W.2d 873 (Tex.1963), the motion for extension including the statement of facts and transcript was granted. But later, the order of extension was set aside upon the holding that "good cause" was not shown since the transcript was completed and was in hand before the end of the 60-day period provided in Rule 386. We disagreed, and expressly approved the *Anzaldua* interpretation of Rule 386.

Again, in Hill Chemicals Company v. Miller, 462 S.W.2d 568 (Tex.1971), we held that good cause for late filing of the statement of facts is sufficient reason for the late filing of the transcript when both are included in the motion, citing *Duncan* and *Anzaldua*.

The decision at hand conflicts with these opinions. The fact that a request for the transcript was not filed by appellant with the District Clerk within the 60 days mentioned in Rule 386 does not gainsay that good cause for late filing of the statement of facts is sufficient reason for late filing of the transcript, and supports the order of the Court of Civil Appeals in extending the time for both. This is true irrespective of when the request for the transcript is made to the District Clerk. Rule 376 merely says that the appellant shall "promptly" file with the clerk of the trial court a written direction of those proceedings to be included in the transcript. It is prompt enough when the transcript is requested and filed within the time ordered by the Court of Civil Appeals for the filing of both instruments.

Pursuant to the provisions of Rule 483, we grant writ of error and without hearing argument reverse the judgment of the Court of Civil Appeals. The cause is remanded to that court to be reinstated on its docket for consideration of the appeal on the merits.