**Mary Sunshine COOK et al., Appellants,**

v.

**Billy J. HUDSON et ux., Appellees.**

**No. 5086.**

Court of Civil Appeals of Texas, Eastland.

Nov. 3, 1977.

Rehearing Denied Dec. 8, 1977.

George D. Gordon, Baggett, Kirk, Gordon & Hodge, Houston, for appellants.

T. L. Rees, Thompson & Rees, Colorado City, for appellees.

RALEIGH BROWN, Justice.

Appellees seek to affirm this case on certificate in accordance with Rule 387, T.R.C.P.

For determination is the issue whether a motion for an extension of time to file "statement of facts" supports a request for an extension of time to file the transcript.

The record reflects that judgment was entered in the trial court on April 15, 1977. Notice of appeal was filed on April 22, 1977. Appellants have not filed in this court either a transcript of the record or a motion for an extension of time to file the transcript within the period of time as required by Rules 386 and 21c, T.R.C.P.

Appellants timely filed a motion for an extension of time to file "statement of facts" and concede that the motion is limited to a request for an extension of time to file the "statement of facts". Appellants contend, however, that because reasonable explanation was shown why the statement of facts would not be timely filed, they have complied with the requisites of Rules 386 and 21c, T.R.C.P., with respect to the late filing of the transcript even though no timely request was made. Appellants cite *Embry v. Bel-Aire Corporation,* 502 S.W.2d 543 (Tex.1973) in support of this position.

We interpret *Embry* to hold that good cause for late filing of the statement of facts is sufficient reason for the late filing of the transcript when the motion filed includes a request for an extension of time for late filing of both the statement of facts and the transcript. We conclude *Embry* does not eliminate the necessity for a request to be made in a proper motion for permission to late file the specific instrument sought to be filed. Appellants' motion makes no request for an extension of time to file the transcript, therefore, *Embry* has no application. Appellants have failed to comply with Rules 386 and 21c, T.R.C.P.

Appellees' motion to affirm on certificate is granted and the judgment of the trial court is affirmed as provided in Rule 387, T.R.C.P.

McCLOUD, C. J., not participating.