**Fradesvinda O. ESCAMILLO, Appellant,**

v.

**Dr. E. Ray STRONG et al., Appellees.**

No. 1544.

Court of Civil Appeals of Texas,
Corpus Christi.

May 24, 1979.

Benton Musslewhite, Houston, for appellant.

Charles E. Sweetman, San Antonio, William L. Morrow, Brownsville, for appellees.

## OPINION

PER CURIAM.

Appellant filed a motion to extend time to file the statement of facts in this cause on April 11, 1979. The motion states the judgment was entered February 8, 1979, and the appeal bond was filed March 1, 1979. The record was due to be filed in this Court on or before April 9, 1979, unless the time had been extended. Rules 386 and 21c, T.R.C.P.

The motion requests an extension of time for filing the statement of facts, but does not specifically make such a request in regard to the transcript. The only reference to the transcript is in paragraph II which includes the statement, "A copy of the transcript is in our hands awaiting the signature of opposing counsel."

A motion which requests additional time for filing a specific instrument does not authorize similar relief for other instruments. The facts in *Cook v. Hudson*, 558 S.W.2d 522 (Tex.Civ.App.—Eastland 1977, no writ) were almost identical to the case before us. The judgment in *Cook* was affirmed on certificate where the transcript was not timely filed, and a motion for extension of time covered only the statement of facts. It is well settled that a motion to extend time operates as a basis for extending the time to file the entire record *only* where the motion includes a request for both the transcript and statement of facts. *Embry v. Bel-Aire Corp.*, 502 S.W.2d 543 (Tex.Sup.1973); *Hill Chemicals Co. v. Miller*, 462 S.W.2d 568 (Tex.Sup.1971); *Duncan v. Duncan*, 371 S.W.2d 873 (Tex.Sup.1963); *Anzaldua v. Richardson*, 279 S.W.2d 169 (Tex.Civ.App.—San Antonio 1955, writ ref'd n. r. e.). We find that the motion does not request an extension of time to file the transcript.

If, however, appellant's motion could be so liberally construed to cover the transcript as well as the statement of facts, we nevertheless dismiss the appeal. The local rules of this Court require motions to be verified and where, as here, the delay is attributed to the court reporter's inability to timely complete the statement of facts, the motion must include an affidavit from the court reporter. See *Continental Oil Co. v. Dobie*, 552 S.W.2d 183 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.). Appellant's motion is not verified nor does it contain a court reporter's affidavit.

Appellant's motion to extend time to file the statement of facts is denied. The appeal is dismissed.