**DAVID McDAVID PONTIAC, INC., Appellant,**

v.

**Francis NIX, Appellee.**

**No. 05-83-00787-CV.**

Court of Appeals of Texas, Dallas.

Nov. 10, 1983.

Rehearing Denied Dec. 9, 1983.

Carmen Blankenship, Robert H. Power & Assoc., Mesquite, for appellant.

Robert Charles Lyon, Irving, for appellee.

Before GUITTARD, C.J., and SHUMPERT and STEWART, JJ.

PER CURIAM.

Appellant David McDavid Pontiac, Inc., has filed a motion to extend time for filing

its transcript after expiration of the fifteen-day period prescribed by rule 21c of the Texas Rules of Civil Procedure. We hold that the court has jurisdiction to hear the late motion because an earlier first motion was timely filed. After considering the grounds stated, we grant the motion.

The transcript and statement of facts were due on July 1. On June 30, appellant timely filed what was entitled "Motion to Extend Time for Filing Record" requesting the court to "extend the time for filing the transcript and statement of facts." We granted this motion and extended the time for filing the record to August 1. On July 28, appellant filed another motion entitled "Motion to Extend Time for Filing Statement of Facts" and the court extended the time for filing the statement of facts to October 3.

Appellant learned on August 29 that, although its deposit in lieu of cash bond had been timely filed, no transcript had been prepared by the district clerk. Appellant filed the transcript with this court on September 2, and filed the present motion on September 13. Appellee Nix opposes this motion, contending that it is not timely in that the first "Motion to Extend Time for Filing Record" only set out that the statement of facts was not ready and that even if the first motion could be construed to request extension of time for filing the transcript appellant still did not comply with Rules 386 and 21(c) and has not given a reasonable explanation. We do not agree.

██ Under rule 386 of the Texas Rules of Civil Procedure, the transcript was initially due July 1, unless pursuant to rule 21(c) a motion for extension of time was filed within fifteen days thereafter. Appellant complied with these mandatory provisions by filing its motion on June 30, which set out sufficient grounds for extension with respect to the statement of facts. It was not necessary for it to show an independent ground with respect to the transcript because good cause for late filing of the statement of facts is also sufficient reason for late filing of the transcript.

*Embry v. Bel-Aire Corp.,* 502 S.W.2d 543 (Tex.1973); *Hill Chems. Co. v. Miller,* 462 S.W.2d 568 (Tex.1971); *Duncan v. Duncan,* 371 S.W.2d 873 (Tex.1963). We may consider the motion filed on September 13 to extend time for filing the transcript despite the fact that the second motion only referred to the statement of facts because the first motion filed on June 30, 1983 was timely. This court does not lose its jurisdiction to act on a tardy second or later motion for extension of time if the first motion for extension of time was timely filed. *Crites v. Court of Civil Appeals,* 516 S.W.2d 123 (Tex.1974). Consequently, we conclude that the rule of *B.D. Click Co. v. Safari Drilling Corp.,* 638 S.W.2d 860 (Tex.1980), does not control.

██ The motion states that appellant had timely filed its deposit in lieu of cost bond and that counsel expected the district clerk to follow the mandate of rule 376 to prepare and transmit the transcript to this court. The fact that appellant timely filed a second motion to extend the time for filing the statement of facts shows that it was diligently pursuing its appeal. We hold that appellant has provided a reasonable explanation for the delay in filing the transcript in compliance with the standard defined in *Meshwert v. Meshwert,* 549 S.W.2d 383, 384 (Tex.1977).

Motion granted.