Don DARLEY, Appellant,

v.

TEXAS UVATAN, INC., Appellee.

No. 05-87-00281-CV.

Court of Appeals of Texas, Dallas.

Nov. 6, 1987.

Keith E. Jagmin, Dallas, for appellant.

Elizabeth F. Zaby, Dallas, for appellee.

Before ENOCH, C.J., and LAGARDE and THOMAS, JJ.

ENOCH, Chief Justice.

Texas Uvatan, Inc. ("Uvatan") moves to dismiss this appeal, arguing, in part, that Don Darley ("Darley") has not timely requested or filed the statement of facts pursuant to Texas Rules of Appellate Procedure 53(a) and 54. For the reasons given below, we deny Uvatan's motion.

The trial court rendered its judgment on December 1, 1986. Darley timely perfected his appeal on February 25, 1987. The "statement of facts" tendered to this Court consisted of electronic audio tapes of the trial court proceedings, the court's certification of the accuracy and authenticity of those tapes, and its log regarding the contents of the tapes and a list of exhibits with copies attached thereto. This filing was in compliance with an order (the "Order") of the Supreme Court of Texas, dated Janu-

ary 8, 1986,[1] establishing a pilot project for the district courts of Dallas County and implementing the use of electronic statements of facts for appeals in this Court.

■ Section 4 of the Order provides that the court reporter shall file the statement of facts within fifteen days of the perfection of an appeal. Since Darley perfected his appeal on February 25, the deadline to file the statement of facts was March 12. We hold that the "statement of facts," that is to say, the electronic tapes, the certification, and the log described above, having been filed on March 10, was timely filed.

Section 5 of the Order states that: "[e]ach party shall file with his brief an appendix containing a written transcription of all portions of the recorded statement of facts and a copy of all exhibits relevant to the error asserted." Accordingly, Darley requested the court reporter to prepare a transcription of the electronic tape to be used as an appendix to his brief.

During the course of preparing the appeal, Darley filed a motion to extend the time to file his brief on April 24. In response to Darley's motion to extend the time to file his brief, Uvatan argued that Darley had not complied with Rules 53(a) and 54(c) (the time for filing of statements of facts generally). In essence, Uvatan asserted that the appendix to the brief is an integral part of the "statement of facts," and it was, therefore, impermissibly late. Based upon this argument, Uvatan urged that this appeal should be dismissed.

In support of its position, Uvatan additionally relies on section 4 of the Order: "No other filing deadlines as set out in the Texas Rules of [Appellate] Procedure are changed." Accordingly, Uvatan concludes that Darley was still required, under rule 54(c), to file a timely motion requesting an extension for the proposed *appendix* for his brief. *See B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860 (Tex.1982). We conclude, however, that Uvatan's reliance is misplaced. The quoted clause means that an appellant must timely file the "statement of facts." In the case of

electronic recording of trial proceedings, pursuant to the Order, the "statement of facts" *is* the audio tape, the reporter's certification, and log. Nowhere in the Order does it say either that the *appendix* to the brief is part of the "statement of facts" or that it must be filed in compliance with rule 54.

Section 3 of the Order recites:

3. *Statement of Facts. The statement of facts* on appeal from any proceeding of which an electronic tape recording has been made *shall be:*

a. A standard cassette recording, labeled to reflect clearly the contents of the cassette, and numbered if more than one cassette is required, certified by the court reporter to be a clear and accurate copy of the original recording of the entire proceeding;

b. A copy of the typewritten and original logs filed in the case certified by the court reporter; and

c. All exhibits, arranged in numerical order and firmly bound together so far as practicable, with a list in numerical order and a brief identifying description of each.

(emphasis added). This section does not mention anything about a written transcription and there is no dispute that Darley timely filed each of the three specified items. Therefore, we hold that Darley timely filed the "statement of facts" on this appeal.

When parties appeal a case that has been electronically recorded under the authority of the Order, we conclude that Texas Rule of Appellate Procedure 53(a) governs the timeliness of the request to the reporter for the statement of facts *as that term is defined in the Order;* similarly, Texas Rule of Appellate Procedure 54(c), in conjunction with section 4 of the Order, governs our authority to consider a statement of facts *as that term is defined in the Order.* Once an appellant has timely filed the certified cassette recording, the certified copy of the typewritten and original logs, and the exhibits that section 3 of the Order requires, he has met all the neces-

---

**1.** The complete text of the January 8, 1986 Order is set forth in an appendix to this opinion.

sary *jurisdictional* requirements for invoking the authority of this Court to consider the statement of facts.

We next turn to consider Darley's motion for an extension of time to file his brief. He has requested an additional 52 days from the original due date. Section 5 of the Order contemplates an appellant's filing an appendix, containing an appropriate transcription of the electronic statement of facts, simultaneously with his brief. If more time is needed to prepare that appendix, then the appropriate remedy is to move for more time in which to file the brief, and we hold that an extension of time to file the brief is the correct relief.

Among other reasons, though, Darley gives two justifications for needing additional time to prepare the appendix, and hence to file his brief. First, he informs us that he requested specifically the court reporter to prepare the transcription to be appended to his brief and that the reporter is backlogged with other work.

We note that nothing in the Order mandates that only the official court reporter prepare the appendix. In fact, the Order is written to the contrary. Section 9 of the Order, concerning paupers seeking a free statement of facts and a free transcription thereof, states that:

> For purposes of the pilot program Texas Rules of Civil Procedure 380 [now Texas Rules of Appellate Procedure 53(j) ] shall be interpreted to require the court reporter to transcribe or *have transcribed* the recorded statement of facts and file it as appellant's appendix.

(emphasis added). When a free transcription is to be provided to a pauper, the court reporter has the responsibility to manage the task, but need not do it personally, and can instead farm out the work to a transcription service. Similarly, section 7 of the Order provides that the appellate court may direct *"a party or the court reporter"* to file a supplemental appended transcription, if one is needed (emphasis added). The section does not place the burden of providing a supplemental transcription solely or exclusively upon the court reporter. Furthermore, the Order requires that the court reporter certify only the electronic statement of facts, not the appended transcript.

Regarding the reliability of the transcription of the audio tape records, the Order contains its own mechanism to ensure accuracy without regard to who actually prepares it. Section 5 of the Order provides that the transcription shall be presumed to be accurate unless an objection is made. If there is an objection, section 9 provides the procedure by which it may be resolved (if the parties cannot reach agreement, the appellate court may resolve the dispute by reviewing the certified electronic tape itself or may refer the matter to the trial court in a procedure analogous to that now described in Texas Rule of Appellate Procedure 55(a)).

Based on the above, we hold that, when an appeal is based on an electronic statement of facts, a party may append to his brief a transcription of the electronic record made by someone other than the court reporter who presided during the actual proceedings. We hold, further, that the backlog of the presiding reporter's workload is not, in itself, a sufficiently reasonable explanation to request an extension for a brief in the absence of showing why someone else could not prepare the transcription of the electronic record.

Nonetheless, Darley did request the court reporter to provide the transcription for his appendix. Uvatan argued that the request to the court reporter for that transcription was not timely. Both these facts are addressed to our sound discretion under Texas Rule of Appellate Procedure 74(n), in considering the reasonableness of Darley's request for an extension. It may be that the particular court reporter who did preside at the proceedings is backlogged in his or her work, but Darley has made no showing that another transcriber could not accomplish the task more quickly.

The purpose of the Order, as expressed in its preamble, is "to determine if significant reductions can be made in the time required for appellate procedures and in the cost thereof." One means by which

the Order can accomplish its purpose is to free appellants seeking a transcription of the statement of facts from having to rely on a single individual. An appellant remains free to utilize the services of the official court reporter, of course, but if that choice results in an unreasonable delay in filing his brief, the appellant should be prepared to justify that choice in explaining why he needs the extra time to prepare his brief.

The second justification that concerns us here is that Darley wants the entire statement of facts transcribed into his appendix. Again, he makes no showing that the entire statement of facts is necessary for the points that he wishes to urge upon appeal.

■ Traditionally, of course, a party could always tender a partial statement of facts. *See* TEX.R.APP.P. 53(d) (providing generally for a partial statement of facts). Rule 53(d), however, has often been ignored by overly cautious attorneys who recognized that, if they originally tendered only partial statements of facts to support the points raised in their original briefs, they would "thereafter be limited to such points." *Id.* The result was that an appellant would almost invariably file the written statement of facts in its entirety, to avoid precluding the ability to file a supplemental brief later on.

If, however, the entire *electronic* statement of facts has been filed, the appellant can always, with leave of court, supplement his brief as he later deems appropriate, with a supplemental *transcription* of other portions of the electronic statement of facts. *See* TEX.R.APP.P. 74(*o* ) and the Order, section 7. Once the electronic statement of facts has been timely filed, the appellant who has made it part of the record on appeal is not forever precluded from supplementing his brief, as he might have been with a partial statement of facts that had been submitted to this Court in a traditional, written form.

■ Again, the need of an appellant to transcribe the entire electronic statement of facts for inclusion in his appendix is addressed to our sound discretion, under rule 74(n), as a factor to be weighed in considering a request for an extension. We hold that an appellant who wishes to extend the time to file his brief, because he wishes to transcribe the entire electronic record into his appendix, must make a reasonable showing that the transcription of the entire electronic statement of facts is necessary for his appeal.

■ In this case, the electronic statement of facts that Darley wants transcribed appears to be short. Furthermore, Uvatan has not demonstrated any harm that might be caused by permitting Darley additional briefing time. Finally, although Darley has not shown that he could not have obtained a transcription more promptly elsewhere than from the presiding court reporter or that the transcription of the entire statement of facts is necessary for this appeal, we excuse the lack of such showings in the instant case, because the parties have shown confusion about the requirements of the Order. However, we expressly excuse the absence of those showings only in the present case; another appellant who seeks to extend his briefing time, to obtain a complete transcription of the electronic statement of facts from the official court reporter, shall be expected to make a reasonable showing of the need for an extension in the light of the principles enunciated in this opinion. We conclude that, in the instant case, an extension of time for Darley to file his brief is appropriate, but we limit this conclusion to the facts of the instant case.

The motion of appellant Don Darley for an extension of time to file his brief is granted, and the motion of appellee Texas Uvatan, Inc., to dismiss is overruled.

## APPENDIX

### IN THE SUPREME COURT OF TEXAS

### ORDER

### JANUARY 8, 1986

An Order to determine if significant reductions can be made in the time required for appellate procedures and in the cost thereof:

IT IS HEREBY ORDERED that district courts of Dallas County hearing civil matters may enter into a pilot project to study the use of an electronic recording system, to commence as soon as practicable after January 2, 1986, and to continue until further orders of this Court.

1. **Application.** This Order shall govern the procedures in the district courts of Dallas County in proceedings in civil matters in which a record is made by electronic tape recording, and appeals from such proceedings.

2. **Duties of Court Reporters.** No stenographic record shall be required of any civil proceedings conducted pursuant to the pilot project. The duties of official court reporters shall include, but not be limited to, all the requirements set out in Rule 376b, Texas Rules of Civil Procedure, and in addition shall include the following:

a. Assuring that the recording system is functioning and that a complete, distinct and clear recording is made;

b. Making a detailed, legible log of all proceedings while recording, indexed by time of day, showing the number and style of the proceeding before the court, the correct name of each person speaking, the nature of the proceeding (e.g., voir dire, opening, examination of witnesses, cross-examination, argument, bench conferences, whether in the presence of the jury, etc.), and the offer, admission or exclusion of all exhibits;

c. Filing with the clerk the original log and a typewritten log prepared from the original;

d. Filing all exhibits with the clerk;

e. Storing or providing for storing of the original recording to assure its preservation as required by law;

f. Prohibiting or providing for prohibition of access by any person to the original recording without written order of the presiding judge of the court;

g. Preparing or obtaining a certified cassette copy of the original recording of any proceeding, upon full payment of any charge imposed therefor, at the request of any person entitled to such recording, or at the direction of the presiding judge of the court, or at the direction of any appellate judge who is presiding over any matter involving the same proceeding, subject to the laws of this state, rules of procedure, and the instructions of the presiding judge of the court.

3. **Statement of Facts.** The statement of facts on appeal from any proceeding of which an electronic tape recording has been made shall be:

a. A standard cassette recording, labeled to reflect clearly the contents of the cassette, and numbered if more than one cassette is required, certified by the court reporter to be a clear and accurate copy of the original recording of the entire proceeding;

b. A copy of the typewritten and original logs filed in the case certified by the court reporter; and

c. All exhibits, arranged in numerical order and firmly bound together so far as practicable, with a list in numerical order and a brief identifying description of each.

4. **Time for Filing.** The court reporter shall file the statement of facts with the court of appeals within fifteen days of the perfection of an appeal or writ of error. No other filing deadlines as set out in the Texas Rules of Civil Procedure are changed.

5. **Appendix.** Each party shall file with his brief an appendix containing a written transcription of all portions of the recorded statement of facts and a copy of all exhibits relevant to the error asserted. Transcriptions shall be presumed to be accurate unless objection is made. The form of the appendix and transcription shall conform to the specifications of the Supreme Court.

6. **Presumption.** The appellate court shall presume that nothing omitted from the transcriptions in the appendices is relevant to any point raised or to the disposition of the appeal. The appellate court shall have no duty to review any part of an electronic recording.

7. **Supplemental Appendix.** The appellate court may direct a party or the court reporter to file a supplemental appendix containing a written transcription of addi-

tional portions of the recorded statement of facts.

8. **Paupers.** *For purposes of the pilot program* Texas Rules of Civil Procedure 380 shall be interpreted to require the court reporter to transcribe or have transcribed the recorded statement of facts and file it as appellant's appendix.

9. **Accuracy.** Any inaccuracies in transcriptions of the recorded statement of facts may be corrected by agreement of the parties. Should any dispute arise after the statement of facts or appendices are filed as to whether an electronic tape recording or any transcription of it accurately discloses what occurred in the trial court, the appellate court may resolve the dispute by reviewing the recording, or submit the matter to the trial court, which shall, after notice to the parties and hearing, settle the dispute and make the statement of facts or transcription conform to what occurred in the trial court.

10. **Costs.** The expense of appendices shall be taxed as costs at the rate prescribed by the Supreme Court. The appellate court may disallow the cost of portions of appendices that it considers surplusage or that do not conform to the specifications prescribed by the Supreme Court.

11. **Other Provision.** Except to the extent inconsistent with this Order, all other statutes and rules governing the procedures in civil actions shall continue to apply to those proceedings of which a record is made by electronic tape recording under the pilot project approved for use in Dallas County.

**SIGNED AND ENTERED IN DUPLICATE ORIGINALS** this the 8th day of January, 1986.

> s/ John L. Hill
> Sears McGee
> Robert M. Campbell
> Franklin S. Spears
> C.L. Ray
> James P. Wallace
> Ted. Z. Robertson
> William W. Kilgarlin
> Raul A. Gonzalez