**OKC CORP. and OKC Corp. Liquidating Trust, Petitioners,**

v.

**UPG, INC., Respondent.**

**No. D–0297.**

Supreme Court of Texas.

Sept. 19, 1990.

### ORDER

Came on for consideration petitioners' motion for extension of time in which to file application for writ of error, and the motion is denied. Although this court may grant extensions for premature filing of applications, the court will usually decline to grant an unnecessary extension order. The extension sought here, from the facts alleged in the motion, is unnecessary because:

(1) Concurrently with the overruling of all motions for rehearing in that court, the court of appeals issued a new opinion. As a matter of law issuing the new opinion constituted handing down an opinion in connection with the overruling of a motion for rehearing within the meaning of Tex.R. App.P. 100(d). Petitioners were entitled to and did file a further motion for rehearing within 15 days after the action occurred.

(2) Petitioners' further motion is a timely filed motion for rehearing under Tex.R. App.P. 130(b). Petitioners' application for writ of error is not due until thirty days after the court of appeals rules on all timely filed motions for rehearing, including in particular petitioners' further motion for rehearing.

(3) The amendment to Tex.R.App.P. 130(b) effective September 1, 1990, applies to petitioners even though their original motion for rehearing was overruled August 22, 1990. Under the rule prior to the effective date of amendment, petitioners' further motion for rehearing would have been a timely motion for rehearing. The thirty-day period for timely filing an application for writ of error under either the amended or prior version of the rule does not begin to run until the court of appeals rules on petitioners' further motion for rehearing. If other parties' timely further motions for rehearing are still pending, or if petitioners become entitled to and do file another further motion for rehearing, the thirty-day period for filing the application will not begin to run until the court of appeals has ruled on all such motions.