McCORMICK, P.J., and CAMPBELL, WHITE and BENAVIDES, JJ., concur in result.

**Vonnie V. BELL, Appellant,**

**v.**

**Jim HAIR and Caterpillar Tractor Co., Appellees.**

**No. A14–91–00835–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 9, 1992.

---

Brenda J. Bishop, Houston, for appellant.

Sherwin A. Winniford, Gerald L. Bolfing, Waco, Jo Ann Storey, Houston, for appellee.

Before J. CURTISS BROWN, MURPHY and CANNON, JJ.

### ORDER

PER CURIAM.

This is an appeal from a take-nothing judgment signed May 20, 1991. The trial proceedings were recorded electronically pursuant to an order of the supreme court entered February 27, 1991. The order provides that the statement of facts shall be filed with the court of appeals within 15 days of the perfection of an appeal.

Appellant filed a timely motion for new trial on June 6, 1991, and prematurely filed a cash deposit for appeal on June 17, 1991. *See* TEX.R.APP.P. 41(c). The trial court overruled the motion for new trial July 8, 1991, and the appeal was thus perfected on that date. *Id.* The statement of facts was thus due July 23, 1991.[1] Unaware of the order, this court's clerk received and filed the statement of facts on September 13, 1991.

On November 4, 1991, appellee, Caterpillar Tractor Co., filed a motion to dismiss the appeal for failure to file a timely statement of facts and provided this court with a copy of the order. We then ordered the statement of facts "received" only.

On November 12, 1991, appellant filed a motion to refile statement of facts in which he strongly protested a "local" rule overriding the rule allowing 120 days after judgment for filing the statement of facts in an appeal where appellant has filed a timely motion for new trial. TEX.R.APP.P. 54(a). Appellant notes that a "local" rule may not be effective until 30 days after its publication in a manner reasonably calculated to bring it to the attention of attorneys practicing before the court or courts for which it is made. TEX.R.CIV.P. 3a(4).

The order in contention, however, is not a local rule; indeed it is an order of our highest civil court and we may not strike it down. We agree with appellant that the bar and the judiciary would be better served if such orders were published in the Texas Bar Journal as are rules of procedure that the supreme court proposes and adopts.[2]

Appellant also argues the order mandates that the "court recorder" shall file the statement of facts and he thus should not be deprived of a statement of

---

1. Ironically, the transcript was not due until October 3, 1991, and was timely filed September 13, 1991. Had appellant not prematurely filed his cash deposit for appeal, and instead filed it on the 90th day, September 4, 1991, the statement of facts would have been due September 19, 1991, and would have been filed early.

2. In a letter dated November 21, 1991, the trial judge assured this court that he gives copies of the order to all attorneys trying cases in his court.

facts since it was not appellant's lack of diligence that caused the tardiness. We do not believe the supreme court intended to shift the burden of presenting a record on appeal from the appellant. *See* TEX. R.APP.P. 50(d).

We must reluctantly deny appellant's motion to refile the statement of facts. We also deny appellee's motion to dismiss and order appellee's motion to affirm taken with the case.