Robert FAZIO and Teresa
Fazio, Appellants,

v.

R.L. HAMES, Appellee.

No. 05–93–01035–CV.

Court of Appeals of Texas,
Dallas.

Sept. 27, 1993.

John E. Collins, Dallas, for appellants.

Mary L. Enox, Bedford, for appellee.

## PRESUBMISSION OPINION

McGARRY, Chief Justice.

We are once again faced with questions raised by the application of an order of the Supreme Court, dated August 7, 1991[1] (the "Order"), concerning a pilot project for the courts of Dallas County implementing the use of electronic statements of facts for appeals to this Court. Before us are motions for leave to file one transcription of the electronic recording; for an extension of time to file the statement of facts; and for an extension of time to file the transcription of the electronic recording. For the reasons stated below, we grant the extension of time to file the electronic statement of facts and hold that the other motions are unnecessary.

[1]. The complete text of the August 7, 1991 Order is set forth in an appendix to this opinion. Prior versions of the Order have been previously published in *Mason v. Dallas County Child Welfare*

The final judgment in this case was signed on March 2, 1993. Because a timely motion for new trial was filed, the statement of facts and the transcript would ordinarily have been due on June 30, 1993. TEX.R.APP.P. 54(a). However, the proceedings in this case were electronically tape recorded; consequently, the court recorder was required to file the statement of facts with this Court within fifteen days of the perfection of an appeal. Order § 4. The "statement of facts" consists of the recording, a copy of the typewritten and original logs certified by the court recorder, and all exhibits. Order § 3; *Darley v. Texas Uvatan, Inc.*, 741 S.W.2d 200, 202 (Tex.App.—Dallas 1987, no writ).

Appellants timely perfected their appeal on May 19, 1993. The statement of facts was thus due on June 3, 1993. It was not tendered until June 7, 1993. The transcript was timely filed on June 29, 1993, pursuant to the ordinary timetable. On July 1, 1993, appellants filed a motion for leave to file one transcription of the electronic record. On July 13, 1993, appellants filed motions to extend the time for filing the statement of facts and to extend the time for filing the transcription of the electronic recording.

■ This Court has no authority to consider a late-filed statement of facts except as permitted by rule 54 of the Texas Rules of Appellate Procedure. TEX.R.APP.P. 54(a). The statement of facts was not filed by the deadline established in the Order and was therefore late.

■ We may consider an extension of time for filing the statement of facts only if a motion reasonably explaining the need therefor is filed "not later than fifteen days after the last date for filing the record." TEX. R.APP.P. 54(c); *Krasniqi v. Dallas County Child Prot. Serv.*, 809 S.W.2d 927, 933 (Tex. App.—Dallas 1991, writ denied), *cert. denied*, —— U.S. ——, 112 S.Ct. 1763, 118 L.Ed.2d 425, and —— U.S. ——, 112 S.Ct. 2274, 119 L.Ed.2d 201 (1992). The "record" consists of a transcript and, when necessary, a statement of facts. TEX.R.APP.P. 50(a);

*Unit*, 794 S.W.2d 454, 457–58 (Tex.App.—Dallas 1990, no writ), and *Darley v. Texas Uvatan, Inc.*, 741 S.W.2d 200, 204–06 (Tex.App.—Dallas 1987, no writ).

*Riggs v. Tech/III, Inc.,* 836 S.W.2d 302, 304 (Tex.App.—Dallas 1992, no writ). Nothing in rule 54(c) requires a motion to extend the time for filing the statement of facts to be filed within fifteen days of when the statement of facts is due. Quite clearly, the deadline is fifteen days from when the "record," as a whole, is due. TEX.R.APP.P. 54(c). The record was not due in this case until June 30, 1993, when the transcript was due. Consequently, the motion to extend the time for filing the statement of facts was timely filed on July 13, 1993. TEX.R.APP.P. 54(c).

■ A motion to extend the time for filing the statement of facts must reasonably explain the need for the extension. TEX. R.APP.P. 54(c). A "reasonable explanation" is any plausible statement of circumstances indicating that failure to file within the required period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance. *Garcia v. Kastner Farms, Inc.,* 774 S.W.2d 668, 669 (Tex.1989). It is a liberal standard of review. *Garcia,* 774 S.W.2d at 670. Any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake or mischance— even if that conduct can also be characterized as professional negligence. *Id.*

In support of their motion, appellants explain that they relied upon the court recorder's representation that she had filed the statement of facts on or about May 26, 1993. The court recorder asserts in an affidavit that, to the best of her recollection, she filed the statement of facts on or about May 26, 1993, because that is when appellants paid her, and she generally files the statement of facts on or about the same day she receives payment.

■ This Court's record clearly shows that the electronic tapes were tendered on June 7, 1993. When the record before the Court is clear, it cannot be controverted by affidavit. *Forest Lane Porsche–Audi Associates v. DeFries,* 730 S.W.2d 80, 82 (Tex. App.—Dallas 1987, no writ). Although telephoning the Court would be a more reliable method of verifying whether the court recorder had timely filed the statement of facts, we nevertheless conclude that appellants' noncompliance was not deliberate or intentional and was the result of inadvertence or mistake, and therefore meets the requirements of rule 54(c). The extension of time to file the statement of facts is granted, and the statement of facts tendered to this Court on June 7, 1993, is ordered filed as of that date.

■ Appellants also seek leave to file a single transcription of the electronic recording. The Order requires a transcription of all relevant portions of the recording and a copy of all the relevant exhibits to be filed with the appellants' brief as an appendix. Order § 5. As the Court now requires six copies of briefs, *see* TEX.R.APP.P. 74(i), many parties construe section 5 to require them to attach a copy of the transcription to each of these briefs. Where, as here, the transcription is lengthy, such a procedure is extraordinarily wasteful.

We do not construe the Order to require six copies of the transcription. To the contrary, the Order requires only "an appendix" containing "a written transcription" to be filed "with" appellants' brief. Order § 5. The Order is satisfied if a single transcription is filed as a separate appendix contemporaneously with the filing of appellants' brief. Appellants need not file additional transcriptions of the electronic recordings. This Court's prior opinion in *Lauterbach v. Lieber Enterprises, Inc.,* 754 S.W.2d 370 (Tex. App.—Dallas 1988, writ denied) (per curiam) is overruled to the extent that it is inconsistent with this holding. Appellants' motion is denied as unnecessary. *See OKC Corp. v. UPG, Inc.* 795 S.W.2d 162, 162 (Tex.1990).

■ We next consider appellants' motion to extend the time for filing the transcription of the electronic recording. Since a transcription of the electronic recording is not part of the official statement of facts under the Order, *see Darley,* 741 S.W.2d at 202, rule 54 imposes no filing deadline for the transcription of the electronic recording. Instead, the transcription and exhibits are due with appellants' brief. Order § 5. Appellants' brief in this case is due thirty days after filing of the transcript and the statement of facts. TEX.R.APP.P. 74(k). The statement of facts was filed June 7, 1993, and

the transcript was filed on June 29, 1993; thus, the brief was due on July 29, 1993. Appellants tendered the transcription of the electronic recording on June 29, 1993. We hold that the transcription was timely filed and deny the motion for extension of time as unnecessary. *See OKC Corp.*, 795 S.W.2d at 162.

## APPENDIX

## IN THE SUPREME COURT OF TEXAS

Misc. Docket No. 91–0059

## ADOPTION OF RULES FOR DALLAS COUNTY FOR MAKING A RECORD OF COURT PROCEEDINGS BY ELECTRONIC RECORDING

ORDERED:

The attached rules are adopted for making a record of court proceedings by electronic recording in Dallas County. These rules having been in effect prior to January 1, 1991, and their use having been continued since that time, this order is retroactive to January 1, 1991.

Any court in Dallas County using these rules shall comply with Texas Rule of Civil Procedure 3a(5).

SIGNED AND ENTERED this **7th** day of August, 1991.

/s/ Thomas R. Phillips
Thomas R. Phillips, Chief Justice

/s/ Raul A. Gonzalez
Raul A. Gonzalez, Justice

/s/ Oscar H. Mauzy
Oscar H. Mauzy, Justice

/s/ Eugene A. Cook
Eugene A. Cook, Justice

/s/ Jack Hightower
Jack Hightower, Justice

/s/ Nathan L. Hecht
Nathan L. Hecht, Justice

/s/ Lloyd Doggett
Lloyd Doggett, Justice

/s/ John Cornyn
John Cornyn, Justice

/s/ Bob Gammage
Bob Gammage, Justice

## RULES GOVERNING THE PROCEDURE FOR MAKING A RECORD OF COURT PROCEEDINGS IN DALLAS COUNTY BY ELECTRONIC RECORDING

1. **Application.** The following rules govern the procedures in the courts of Dallas County in proceedings in civil matters in which a record is made by electronic tape recording, and appeals from such proceedings.

2. **Duties of Court Recorders.** No stenographic record shall be required of any civil proceedings electronically tape recorded. The court shall designate one or more persons as court recorders, whose duties shall be:

a. Assuring that the recording system is functioning and that a complete, distinct, clear and transcribable recording is made;

b. Making a detailed, legible log of all proceedings while recording, indexed by time of day, showing the number and style of the proceeding before the court, the correct name of each person speaking, the nature of the proceeding (e.g., voir dire, opening, examination of witnesses, cross-examination, argument, bench conferences, whether in the presence of the jury, etc.), and the offer, admission or exclusion of all exhibits;

c. Filing with the clerk the original log and a typewritten log prepared from the original;

d. Filing all exhibits with the clerk;

e. Storing or providing for storing of the original recording to assure its preservation as required by law;

f. Prohibiting or providing for prohibition of access by any person to the original recording without written order of the presiding judge of the court;

g. Preparing or obtaining a certified cassette copy of the original recording of any proceeding, upon full payment of any charge imposed therefor, at the request of any person entitled to such recording, or at the direction of the presiding judge of the court, or at the direction of any appellate judge who is presiding over any matter involving the same proceeding, subject to

the laws of this state, rules of procedure, and the instructions of the presiding judge of the court;

h. Performing such other duties as may be directed by the judge presiding.

3. **Statement of Facts.** The statement of facts on appeal from any proceeding of which an electronic tape recording has been made shall be:

a. A standard cassette recording, labeled to reflect clearly the contents of the cassette, and numbered if more than one cassette is required, certified by the court recorder to be a clear and accurate copy of the original recording of the entire proceeding;

b. A copy of the typewritten and original logs filed in the case certified by the court recorder; and

c. All exhibits, arranged in numerical order and firmly bound together so far as practicable, with a list in numerical order and a brief identifying description of each.

4. **Time for Filing.** The court recorder shall file the statement of facts with the court of appeals within fifteen days of the perfection of an appeal or writ of error. No other filing deadlines as set out in the Texas Rules of Appellate Procedure are changed.

5. **Appendix.** Each party shall file with his brief an appendix containing a written transcription of all portions of the recorded statement of facts and a copy of all exhibits relevant to the error asserted. Transcriptions shall be presumed to be accurate unless objection is made. The form of the appendix and transcription shall conform to any specifications of the Supreme Court.

6. **Presumption.** The appellate court shall presume that nothing omitted from the transcriptions in the appendices is relevant to any point raised or to the disposition of the appeal. The appellate court shall have no duty to review any part of an electronic recording.

7. **Supplemental Appendix.** The appellate court may direct a party to file a supplemental appendix containing a written tran-scription of additional portions of the recorded statement of facts.

8. **Paupers.** Texas Rule of Appellate Procedure 40(j)(1) shall be interpreted to require the court recorder to transcribe or have transcribed the recorded statement of facts and file it as appellant's appendix.

9. **Accuracy.** Any inaccuracies in transcriptions of the recorded statement of facts may be corrected by agreement of the parties. Should any dispute arise after the statement of facts or appendices are filed as to whether an electronic tape recording or any transcription of it accurately discloses what occurred in the trial court, the appellate court may resolve the dispute by reviewing the recording, or submit the matter to the trial court, which shall, after notice to the parties and hearing, settle the dispute and make the statement of facts or transcription conform to what occurred in the trial court.

10. **Costs.** The expense of appendices shall be taxed as costs at the rate prescribed by law. The appellate court may disallow the cost of portions of appendices that it considers surplusage or that do not conform to any specifications prescribed by the Supreme Court.

11. **Other Provisions.** Except to the extent inconsistent with these rules, all other statutes and rules governing the procedures in civil actions shall continue to apply to those proceedings of which a record is made by electronic tape recording.