**James H. UPTMORE, Appellant,**

v.

**William Ray JONES, Jr., et al., Appellees.**

No. 04–94–00066–CV.

Court of Appeals of Texas,
San Antonio.

April 13, 1994.

William A. Jeffers, Jr., Steven B. Treu, Jeffers, Brook, Kraeger & Gragg, San Antonio, for appellees.

Before CHAPA, C.J., and BUTTS and LOPEZ, JJ.

### ON APPELLANT'S MOTION TO EXTEND TIME FOR FILING RECORD AND APPELLANT'S BRIEF

LOPEZ, Justice.

Appellant's case was tried in the 57th Judicial District Court of Bexar County. That court is operating under a 1990 supreme court order adopting "Rules Governing the Procedure for Making a Record of Court Proceedings in Bexar County by Electronic Recording." Appellant contends that he was unaware that special deadlines apply to the filing of an electronically recorded statement of facts, and he requests that we file the tapes in spite of the fact that they were tendered late and his motion for extension of time to file them is late.

 The Rules Governing the Procedure for Making a Record of Court Proceedings in Bexar County by Electronic Recording (R.ELEC.REC.) (see appendix for text of rules) require the statement of facts, which consists of the cassette recording, typewritten and original logs certified by the court recorder, and the exhibits (R.ELEC.REC. 3), to be filed with the appellate court within fifteen days of the perfection of the appeal. R.ELEC.REC. 4. The judgment in this case was signed on September 26, 1993. A motion for new trial was timely filed on October 26, 1993. Appellant timely filed his appeal bond on December 6, 1993. A conventional statement of facts would be due by January 25, 1994. However, because this case was tried under the pilot program for electronically recorded statements of facts, the statement of facts was due by December 21, 1993: fifteen days from the date the appeal was perfected. The tapes were not received in this court until January 4, 1994. The rules of appellate procedure continue in force when not inconsistent with the Rules Governing the Procedure for Making a Record of Court

Richard H. Ihfe, Teresa J. Waldrop, Ihfe & Associates, P.C., San Antonio, for appellant.

Proceedings in Bexar County by Electronic Recording. R.ELEC.REC. 11; *National Union Fire Ins. Co. v. Ninth Court of Appeals,* 864 S.W.2d 58, 59 n. 2 (Tex.1993). Texas Rule of Appellate Procedure 54(c) requires a motion for extension of time to file the statement of facts to be filed with this court within fifteen days of the date the statement of facts is due,[1] in this case, it was due by January 5, 1994. Appellant, believing he had 120 days to file the statement of facts under Texas Rule of Appellate Procedure 54, did not file his motion for extension of time until February 17, 1994. While the motion is timely for a conventional statement of facts, it was over six weeks late for an electronically recorded one.

We are without authority to accept a late statement of facts in the absence of a timely filed motion for extension of time. TEX. R.APP.P. 54(c); *B.D. Click Co. v. Safari Drilling Corp.,* 638 S.W.2d 860, 862 (Tex. 1982).

Appellant argues that he was unaware that a rule existed outside of the Texas Rules of Appellate Procedure, the Texas Fourth Court Appellate Rules, or the Local Rules Governing Bexar County that affected the filing deadlines for the statement of facts. He argues that the Rules Governing the Procedure for Making a Record of Court Proceedings in Bexar County by Electronic Recording were not published by the supreme court or the 57th district court. We acknowledge that the supreme court has not published the rules and that they are not to be found in the Texas Rules of Appellate Procedure, our local rules, or the Bexar County local rules. The lack of publication has created several problems for appellants in those counties participating in the pilot program. *See, e.g. National Union Fire Ins. Co. v. Ninth Court of Appeals,* 864 S.W.2d 58 (Tex.1993) (reasonable explanation for late filing); *Fazio v. Hames,* 866 S.W.2d 267 (Tex.App.—Dallas 1993, n.w.h.) (late motion for extension of time for statement of facts); *Bell v. Hair,* 832 S.W.2d 53 (Tex.App.—Houston [14th Dist.] 1992, n.w.h.) (late filed statement of facts); *Rowlett v. Colortek, Inc.,* 741 S.W.2d 206 (Tex.App.—Dallas 1987, writ denied) (presumption regarding omitted parts of transcription of cassette tapes); *Darley v. Texas Uvatan, Inc.,* 741 S.W.2d 200 (Tex.App.—Dallas 1987, n.w.h.) (timeliness of transcription of cassette tapes appended to brief).

The legislature has delegated the power to promulgate rules and regulations for practice in the supreme court and other courts in this state to the Supreme Court of Texas. TEX. GOV'T CODE ANN. §§ 22.003(a), (b) (Vernon 1988). The supreme court has exercised that authority in adopting the Rules Governing the Procedure for Making a Record of Court Proceedings in Bexar County by Electronic Recording.[2] The Government Code sets out

---

1. We note that the Dallas Court of Appeals avoided this problem of the untimely filed motion for extension of time by interpreting rule 54(c) to require the motion for extension of time to be filed within fifteen days of the last day for filing the record as a whole—that is the last day the statement of facts *and* transcript are due. That court held that the use of the word, record, in rule 54(c) meant whichever part of the record was due latest—in that case, they measured the fifteen day period from when the transcript was due, which was the last part of the record to be filed. *Fazio v. Hames,* 866 S.W.2d 267, 269 (Tex.App.—Dallas 1993, n.w.h.). We decline to follow *Fazio.* Appellate rule 54(c) was created when both the transcript and statement of facts had the same filing deadlines. The pilot program creates different filing dates for both parts of the record. Under the *Fazio* ruling, an order of the appellate court extending the deadline for filing the statement of facts would automatically extend the deadline for filing the transcript. Once we extended the statement of facts' due

date, the "record" filing date would be changed. A request to extend the statement of facts alone does not include a request to extend the transcript. *See Escamillo v. Strong,* 582 S.W.2d 605, 606 (Tex.Civ.App.—Corpus Christi 1979, no writ); *Cook v. Hudson,* 558 S.W.2d 522, 522 (Tex.Civ.App.—Eastland 1977, no writ). Thus, *Fazio* would create an inconsistency with the way we treat the filing of the statement of facts and transcripts in conventional cases and in electronic recording cases.

2. The court of appeals in *Bell v. Hair* stated that the Rules Governing the Procedure for Making a Record of Court Proceedings in Bexar County by Electronic Recording are not local rules but are "an order of our highest civil court" which the appellate courts cannot strike down. 832 S.W.2d 53, 54 (Tex.App.—Houston [14th Dist.] 1992, n.w.h.). We do not accept the contention that the Rules Governing the Procedure for Making a Record of Court Proceedings in Bexar County by Electronic Recording are not local

a procedure to be followed when amending or creating rules of civil procedure. That statute provides:

> The clerk of the supreme court shall file with the secretary of state the rules or amendments to rules promulgated by the supreme court under this subsection and shall mail a copy of those rules or amendments to each registered member of the State Bar of Texas not later than the 60th day before the date on which they become effective.

TEX.GOV'T CODE ANN. § 22.004(b) (Vernon Supp.1994). The statute further provides:

> The rules of practice and procedure in civil actions shall be published in the official reports of the supreme court. The supreme court may adopt the method it deems expedient for the printing and distribution of the rules.

*Id.* § 22.004(d) (Vernon 1988). Traditionally, amendments and new rules have been published in the State Bar Journal, thus advising each registered member of the state bar of the changes.

The Rules Governing the Procedure for Making a Record of Court Proceedings in Bexar County by Electronic Recording have not been printed in the State Bar Journal or sent to each registered member of the State Bar of Texas. The obvious requirement of such publication is to prevent the use of "secret" rules known only to a handful of attorneys. Without such publication an attorney is left to question each court before which he appears whether any unpublished or secret rules apply to that court. Diligent research does an attorney in that case no good.[3] The Rules Governing the Procedure for Making a Record of Court Proceedings in Bexar County by Electronic Recording have

not been printed in the State Bar Journal or sent to each registered member of the State Bar of Texas.

We do not think it was the intention of the supreme court to leave an attorney in the dark concerning such a devastating rule as shortening the filing deadlines. The supreme court has, in the past, held that its policy is "to be liberal in the application of its rules until the bench and bar have had reasonable time to become familiar with [newly adopted] rules." *See Glenn v. McCarty,* 130 Tex. 641, 110 S.W.2d 1148, 1150 (1937). However, we are not in a position to be so liberal. *See B.D. Click Co. v. Safari Drilling Corp.,* 638 S.W.2d at 862.

The publication rules of sections 22.004(b) and (d) do not contain any provision negating the effect of a new rule or amendment should publication not occur. The rules do not provide that the new or amended rules shall be effective only after appropriate notification. Subsection (b) of that statute requires only that notice be sent 60 days prior to the effective date of the new or amended rule. Thus, we must hold that the publication requirements are mere ministerial acts which do not affect the enforcement of the new rules regarding electronically recorded statements of facts.

We reluctantly hold that regardless of the lack of publication the rule and shortened time limits applicable to this pilot program are enforceable. With no timely filed motion for extension of time we are without authority to enlarge the time to file the electronically recorded statement of facts. TEX.R.APP.P. 54(c); *B.D. Click Co. v. Safari Drilling Corp.,* 638 S.W.2d at 862.

■ Appellant urges that the language contained in rule 4 of the Rules Governing

---

rules. The *order* of the supreme court is one adopting *rules* for making an electronic recording. *See* Misc.Docket No. 90–0017, *Adoption of Rules for Bexar County for Making a Record of Court Proceedings by Electronic Recording.* However, the order itself refers to the rules as "rules," and the title of the rules is "Rules Governing the Procedure for Making a Record of Court Proceedings in Bexar County by Electronic Recording." Section 1 states, "The following *rules* govern...." Section 11 also states, "Except to the extent inconsistent with these *rules*...." It seems clear that the intent of the

supreme court was to make and adopt rules, which it did by way of passing an order adopting those rules.

3. We do note that appellate seminars have discussed the problems of the electronic recording rules as they have appeared in Dallas and Houston. We do not believe, however, that the brief *discussions appearing in the written work of* these seminars is sufficient to place attorneys on notice of the existence of these recording rules.

the Procedure for Making a Record of Court Proceedings in Bexar County by Electronic Recording places the burden on the court recorder to timely file the electronic statement of facts, and he should not be punished for the recorder's omission. He also argues that the Rules Governing the Procedure for Making a Record of Court Proceedings in Bexar County by Electronic Recording are inconsistent with the Texas Rules of Appellate Procedure, which places the burden on the appellant to ensure that an adequate record is presented, and therefore, the Rules Governing the Procedure for Making a Record of Court Proceedings in Bexar County by Electronic Recording must bow to the Texas Rules of Appellate Procedure. Rule 53 of the appellate rules places the duty squarely on appellant to cause the statement of facts to be filed with the clerk of this court. TEX. R.APP.P. 53(k). Rule 50 similarly places the burden on the appellant to see that a sufficient record is presented to this court. TEX. R.APP.P. 50(d). Local rule 4 provides, "The court recorder *shall* file the statement of facts with the court of appeals ... (emphasis added)." R.ELEC.REC. 4. Rule 4 does not discharge appellant from the duty of seeking extensions of time should they become necessary. It is appellant's duty to determine whether and when such requests are necessary. We agree with the *Bell* court that the supreme court did not intend to shift the burden of presenting a record on appeal from appellant. *Bell v. Hair,* 832 S.W.2d at 55. Appellant retained the burden to timely seek an extension of time in which to file the statement of facts. It remained his burden to check with the court recorder to coordinate the filing of the tapes with any necessary extensions.

Appellant also argues, in his first supplemental motion to extend the time to file the record, that he timely requested the court recorder to prepare the statement of facts on October 15, 1993, and that the court recorder delivered to him, on November 12, 1993, the transcribed statement of facts. He argues that the statement of facts was timely transcribed—even under the deadlines of the Rules Governing the Procedure for Making a Record of Court Proceedings in Bexar County by Electronic Recording, and that he "as-sumed that since he had already paid for Statement of Facts [sic] and since he was in receipt of the same on November 12, 1993, he assumed [sic] that the court recorder would take whatever steps were necessary to file the electronic recording tapes and logs." We empathize with appellant, but we have no authority to extend the time for filing the statement of facts because his motion for extension of time—which it was his burden to file—was not timely.

Appellant's motion for extension of time was due by January 5, 1994. Appellant states that he first learned that the tapes were due in this court under a shorter timetable, i.e. that he first learned of the existence of the Rules Governing the Procedure for Making a Record of Court Proceedings in Bexar County by Electronic Recording, on January 3, 1994. Counsel for appellant makes no attempt to show why he was unable to file a motion for extension of time in the remaining two days prior to his expiration of time. The motion for extension of time was, in fact, not filed until February 17, 1994—more than seven weeks after counsel admittedly learned of the existence of the Rules Governing the Procedure for Making a Record of Court Proceedings in Bexar County by Electronic Recording.

■ Appellant also argues that the filing deadline of the Rules Governing the Procedure for Making a Record of Court Proceedings in Bexar County by Electronic Recording is inconsistent with the Texas Rules of Appellate Procedure which allows a motion for new trial to extend the appellate timetable. Texas Rule of Appellate Procedure 56 and the Rules Governing the Procedure for Making a Record of Court Proceedings in Bexar County by Electronic Recording 4 are not inconsistent. Rule 54 sets the filing date for the statement of facts—with and without the timely filing of a motion for new trial or request for findings of fact and conclusions of law. The filing deadline for the statement of facts is changed by Rules Governing the Procedure for Making a Record of Court Proceedings in Bexar County by Electronic Recording 4—this includes instances in which a motion for new trial or request for findings of fact and conclusions of law are

timely filed. Rule 4 supersedes the appellate rules as regards the filing deadlines for the statement of facts. Further, under the pilot program, the time for filing the statement of facts is measured from the date of perfection of the appeal, not when the judgment is signed. R.ELEC.REC. 4. Thus, the filing of a motion for new trial or request for findings of fact and conclusions of law extends the time for the perfection of the appeal and thus extends the time the statement of facts is due.

Appellant's motion for extension of time to file the electronically recorded statement of facts is denied. Appellant's motion to extend the time for filing his appellate brief is granted. Appellant's brief is due 30 days from the date of this opinion.

### APPENDIX

### IN THE SUPREME COURT OF TEXAS

Misc. Docket No. 90-0017

ADOPTION OF RULES FOR BEXAR COUNTY FOR MAKING A RECORD OF COURT PROCEEDINGS BY ELECTRONIC RECORDING

ORDERED:

The attached rules are adopted for making a record of court proceedings by electronic recording in Bexar County.

Any court in Bexar County using these rules shall comply with Texas Rule of Civil Procedure 3a(5).

SIGNED AND ENTERED this __ day of November, 1990.

/s/
_____
Thomas R. Phillips, Chief Justice.

/s/
_____
Franklin S. Spears, Justice.

/s/
_____
C.L. Ray, Justice.

/s/
_____
Raul A. Gonzalez, Justice.

/s/
_____
Oscar H. Mauzy, Justice.

/s/
_____
Eugene A. Cook, Justice.

/s/
_____
Jack Hightower, Justice.

/s/
_____
Nathan L. Hecht, Justice.

/s/
_____
Lloyd Doggett, Justice.

### RULES GOVERNING THE PROCEDURE FOR MAKING A RECORD OF COURT PROCEEDINGS IN BEXAR COUNTY BY ELECTRONIC RECORDING

1. **Application.** The following rules govern the procedures in the courts of Bexar County in proceedings in civil matters in which a record is made by electronic tape recording.

2. **Duties of Court Recorders.** No stenographic record shall be required of any civil proceedings electronically tape recorded. The court shall designate one or more persons as court recorders, whose duties shall be:

a. Assuring that the recording system is functioning and that a complete, distinct, clear and transcribable recording is made;

b. Making a detailed, legible log of all proceedings while recording, indexed by time of day, showing the number and style of the proceeding before the court, the correct name of each person speaking, the nature of the proceeding (e.g., voir dire, opening, examination of witnesses, cross-examination, argument, bench conferences, whether in the presence of the jury, etc.), and the offer, admission or exclusion of all exhibits;

c. Filing with the clerk the original log and a typewritten log prepared from the original;

d. Filing all exhibits with the clerk;

e. Storing or providing for storing of the original recording to assure its preservation as required by law;

f. Prohibiting or providing for prohibition of access by any person to the original re-

cording without written order of the presiding judge of the court;

g. Preparing or obtaining a certified cassette copy of the original recording of any proceeding, upon full payment of any charge imposed therefor, at the request of any person entitled to such recording, or at the direction of the presiding judge of the court, or at the direction of any appellate judge who is presiding over any matter involving the same proceeding, subject to the laws of this state, rules of procedure, and the instructions of the presiding judge of the court;

h. Performing such other duties as may be directed by the judge presiding.

3. **Statement of Facts.** The statement of facts on appeal from any proceeding of which an electronic tape recording has been made shall be:

a. A standard cassette recording, labeled to reflect clearly the contents of the cassette, and numbered if more than one cassette is required, certified by the court recorder to be a clear and accurate copy of the original recording of the entire proceeding;

b. A copy of the typewritten and original logs filed in the case certified by the court recorder; and

c. All exhibits, arranged in numerical order and firmly bound together so far as practicable, with a list in numerical order and a brief identifying description of each.

4. **Time for Filing.** The court recorder shall file the statement of facts with the court of appeals within fifteen days of the perfection of an appeal or writ of error. No other filing deadlines as set out in the Texas Rules of Appellate Procedure are changed.

5. **Appendix.** Each party shall file with his brief an appendix containing a written transcription of all portions of the recorded statement of facts and a copy of all exhibits relevant to the error asserted. Transcriptions shall be presumed to be accurate unless objection is made. The form of the appendix and transcription shall conform to any specifications of the Supreme Court.

6. **Presumption.** The appellate court shall presume that nothing omitted from the transcriptions in the appendices is relevant to any point raised or to the disposition of the appeal. The appellate court shall have no duty to review any part of an electronic recording.

7. **Supplemental Appendix.** The appellate court may direct a party to file a supplemental appendix containing a written transcription of additional portions of the recorded statement of facts.

8. **Paupers.** Texas Rule of Appellate Procedure 40(j)(1) shall be interpreted to require the court recorder to transcribe or have transcribed the recorded statement of facts and file it as appellant's appendix.

9. **Accuracy.** Any inaccuracies in transcriptions of the recorded statement of facts may be corrected by agreement of the parties. Should any dispute arise after the statement of facts or appendices are filed as to whether an electronic tape recording or any transcription of it accurately discloses what occurred in the trial court, the appellate court may resolve the dispute by reviewing the recording, or submit the matter to the trial court, which shall, after notice to the parties and hearing, settle the dispute and make the statement of facts or transcription conform to what occurred in the trial court.

10. **Costs.** The expense of appendices shall be taxed as costs at the rate prescribed by law. The appellate court may disallow the cost of portions of appendices that it considers surplusage or that do not conform to any specifications prescribed by the Supreme Court.

11. **Other Provisions.** Except to the extent inconsistent with these rules, all other statutes and rules governing the procedures in civil actions shall continue to apply to those proceedings of which a record is made by electronic tape recording.

CHAPA, Chief Justice, concurring.

I concur with the majority.

While I sympathize with the equitable concerns of the dissent, unlike the Texas Supreme Court, we have no authority to change the rules and thus accept a late filed statement of facts in the absence of a timely filed motion for extension of time. TEX.GOV'T

CODE ANN. §§ 22.003(a)–(b) (Vernon 1988); TEX.R.APP.P. 54(c); *B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860, 862 (Tex. 1982).

BUTTS, Justice, dissenting.

I feel compelled to dissent to the order in this case. This is a unique situation and certainly not the usual one where TEX. R.APP.P. 54(c) applies to preclude late filing of the statement of facts as in the ordinary case. *See B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860 (Tex.1982).

Electronically recorded statements of facts are a new thing. It is not disputed that the procedure is an experimental one designed to speed up the appellate process. A court's participation in the experiment which departs from custom is voluntary. In all fairness to lawyers and litigants, the supreme court's rule implementing this procedure in Bexar County should be published, setting out guidelines to the unique procedure. Then practicing (and sometimes unwary) lawyers can find out how to obtain the totally different statement of facts needed for purposes of appeal.

I agree with appellant in this case that the rule placed the burden on the court recorder to prepare the electronically recorded statement of facts and file it. I do not agree that the lawyer, unfamiliar with the unconventional procedure, should be punished, along with his client, for failure to ascertain (presumably in Bexar County from the cosmos) that a foreign and experimental procedure must be followed in order to appeal a judgment.

Rule 4 of the rules governing the procedure for making a record of electronically recorded court proceedings in Bexar County places the burden squarely on the *court recorder* to file the log he or she has prepared, along with all exhibits, to store the original recording, and to prepare or obtain a certified cassette copy of the original proceeding upon payment of any charge, at the request of a person entitled to it, or at the direction of the presiding judge or any appellate judge, subject to all rules and laws and instructions of the presiding judge. Rule 4 states that "[t]he *court recorder shall file the statement of facts* with the court of appeals within fifteen days of the perfection of the appeal or writ of error. *No other filing deadlines as set out in the Texas Rules of Appellate Procedure are changed.*" R.ELEC.REC. 4 (emphasis added).

When lawyers have no knowledge of the procedural rules governing electronically recorded proceedings and the modified appellate timetable, do we punish both the lawyer and the litigant for following the traditional rules of appellate procedure? The pilot program rules were not published as local court rules of Bexar County. This failure operates to the detriment of parties trying their cases in the designated district court and to the detriment of the general population of practicing lawyers possibly destined to fall into the same deadly trap. The lack of a statement of facts crucially affects the right of appeal.

The rules governing appeal of electronically recorded cases in Bexar County should be suspended temporarily by the supreme court until there is fair notice by publication in the local rules.

For these reasons, I dissent to the order disallowing the filing of the statement of facts by appellant in this case.