Myrtle Mae **JARRELL**, Appellant,

v.

Holly Ann **SERFASS**, Appellees.

No. 10–95–248–CV.

Court of Appeals of Texas, Waco.

Feb. 28, 1996.

■■■■■■■

———

■■■■■■■

Gerald T. Drought & Vincent A. Notzon, Martin Drought & Torres Inc., San Antonio, for appellant.

Lori A. Pritchett, Armstrong, Hannah & Levin, Houston, for appellees.

Before CUMMINGS and VANCE, JJ.

## MEMORANDUM OPINION

PER CURIAM.

We must determine whether a timely-filed motion to extend the time to file a statement of facts, which we granted, operates to extend the time to file either the transcript or a motion to further extend the time to file the transcript. Because it does not, and because a timely transcript has not been filed, we dismiss this appeal.

Myrtle Jarrell sued Holly Serfass for personal injuries and damage to her car after she and Serfass had a car wreck. A jury found that Serfass' negligence did not proximately cause the collision, and the court rendered a take-nothing judgment on Jarrell's claims. Jarrell appeals. On January 10, 1996, we denied Jarrell's motion to extend the time to file the transcript, and denied her motion to file a transcript that she presented. TEX.R.APP.P. 54, 83. By the same order, we notified the parties that this cause is subject to dismissal for failing to file the record and invited the parties to submit arguments regarding the effect of Jarrell's failure to timely file the transcript. Id. 60(a)(2), 83; Office of Public Utility v. P.U.O.T., 878 S.W.2d 598, 598–99 (Tex.1994). Jarrell has responded, arguing first that the motion to extend the time to file the transcript was timely because it was filed within fifteen days of the day the statement of facts was due, and, second, that we should not dismiss her appeal but should hear it on the statement of facts alone. We reject both of her arguments and will dismiss her appeal.

The court rendered judgment on May 11, 1995. Because Jarrell filed a motion for a new trial, either the record was due in this court 120 days after the judgment was signed, i.e., by September 8, or any motion to extend the time to file any part of the record was due by Monday, September 25. TEX. R.APP.P. 5(a), 54(a), (c). The statement of facts was timely tendered[1] on December 6, after we granted a motion to extend the time that she filed on August 28.

■ Jarrell did not file a transcript until December 11, ninety-four days after it was due. Id. 54(a). Her motion to extend the time for filing the transcript was filed on December 12, seventy-eight days after the last day for its filing. Id. 5(a), 54(c), 83. Because we do not have authority to grant an untimely motion to extend the time to file the transcript, we denied her motion to extend time. Texas Instruments v. Teletron Energy Mgt., 877 S.W.2d 276, 278 (Tex.1994); B.D. Click Co. v. Safari Drilling Corp., 638 S.W.2d 860, 862 (Tex.1982); Nueces Canyon Consol. Ind. School District v. Cent. Educ., 900 S.W.2d 417, 419 (Tex.App.—Austin 1995), rev'd on other grounds, 917 S.W.2d 773 (Tex. 1996). We refused to file the transcript she presented because, absent a proper extension, we have "no authority to consider a late filed transcript." TEX.R.APP.P. 54(a); Knight v. Sam Houston Memorial Hosp., 907 S.W.2d 847, 848 (Tex.App.—Houston [1st Dist.] 1995, n.w.h.); M.B. v. State, 894 S.W.2d 82, 84 (Tex.App.—El Paso 1995, no writ).

■ In a motion for reconsideration, Jarrell first argues that her timely filed motion to extend the time to file the statement of facts operated to extend the time for filing her motion to extend time to file the transcript as well because the "record" was not due until the statement of facts was due. TEX.R.APP.P. 54(c); Fazio v. Hames, 866 S.W.2d 267, 268–69 (Tex.App.—Dallas 1993, no writ). She claims that the December 12 motion was well within the fifteen day time period because the statement of facts was due on December 7, 1995.

1. See 10TH TEX.APP. (WACO) LOC.R. 5.

However, "both instruments are included when the motion for an extension of time to file includes the transcript *and* the statement of facts." *Hill Chemicals Company v. Miller*, 462 S.W.2d 568, 569 (Tex.1971) (emphasis in original). Thus, "a motion to extend time operates as a basis for extending the time to file the entire record *only* where the motion includes a request for both the transcript and statement of facts." *Escamillo v. Strong*, 582 S.W.2d 605, 606 (Tex.Civ.App.—Corpus Christi 1979, no writ) (emphasis in original); *also Cook v. Hudson*, 558 S.W.2d 522, 523 (Tex.Civ.App.—Eastland 1977, no writ). Because Jarrell's original motion referred only to the statement of facts, it was sufficient to extend the time for filing only the statement of facts.

We do not believe that *Fazio* is applicable here because Jarrell's motion for extension of time to file the transcript was not filed within fifteen days of the date when the "record" was due under Rule 54. TEX.R.APP.P. 54(a), (c); *Fazio*, 866 S.W.2d at 268. Here, neither the transcript nor the statement of facts were filed within the time provided by Rule 54. TEX.R.APP.P. 54. Thus, both instruments were late under the constraints set out in Rule 54, and a timely motion for extension of time is required for each. *Hill Chemicals*, 462 S.W.2d at 569; *Escamillo*, 582 S.W.2d at 606.

Next Jarrell argues that we should consider her appeal on the statement of facts alone. However, absent a transcript, we have no knowledge of the contents of the petition, the jury charge, any pre-trial, trial or post-trial motions, or the judgment. Technically, we have no way of determining whether she has properly perfected this appeal so as to invoke our appellate jurisdiction. *See* TEX.R.APP.P. 56(a). She intends, she says, to raise factual sufficiency challenges to the jury's findings of no negligence and on the amount of damages. However, to raise these claims she must have raised them in a motion for a new trial. TEX.R.CIV.P. 324(b). Without a transcript, we are unable to determine if she has properly preserved these complaints. *Id.;* TEX.R.APP.P. 52(a). Therefore, we reject this contention also.

Because we do not have a transcript, we are unable to consider the merits of any points that Jarrell may assert. TEX.R.APP.P. 54, 83; *P.U.O.T.*, 878 S.W.2d at 598–99. Thus, we conclude that her appeal should be dismissed. TEX.R.APP.P. 54(a).