Hanners v. Clark 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-228-CV

     JAMES M. HANNERS,
                                                                                              Appellant
     v.

     AMY CLARK,
                                                                                              Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court # 52,949-D
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      James Hanners attempts to appeal from a judgment that he contends affected his parental
interest in his child. We do not know with certainty the true nature of the cause below because
in the documents Hanners has filed in this court he has neither indicated the kind of judgment he
is appealing nor has he filed a transcript or statement of facts. We will dismiss Hanners' appeal
because he has failed to timely file a record.
      According to Hanners, a judgment was rendered against him on July 5, 1996, and he filed a
motion for new trial on August 1, 1996. By operation of Rule 41(a)(1) of the Rules of Appellate
Procedure, Hanners had until October 3 to perfect his appeal, which he failed to do. However,
on October 17, Hanners filed in this court a motion to extend the time to file his appeal bond. We
granted the motion and ordered that the appeal bond be filed by October 18. Assuming Hanners'
assertion is true that he filed a $1000 cash deposit in the trial court registry on October 18,
Hanners properly perfected his appeal.



      By filing a motion for new trial and properly perfecting his appeal, Hanners had until
November 4 to timely file a record. Tex. R. App. P. 5(a), 54(a,c). Under Rule of Appellate
Procedure 54(c), Hanners was allowed an additional fifteen days from November 4 in which to
move for an extension of time to file his record on showing a reasonable explanation for his failure
to file the record timely. Id. 54(c). When no motion was filed by November 19, we sent the
parties a letter on November 21 notifying them that the cause was subject to dismissal for failure
to timely file a record. See id. 83.
      In a motion postmarked November 20, 1996, and filed November 22, 1996, Hanners
requested that we extend the time in which to file the record. The deadline for filing or mailing
the motion, however, was November 19. Id. 4(f), 54(a,c). Therefore, Hanners mailed it one day
late. Id. We do not have authority to grant an untimely motion to extend the time to file the
transcript. Texas Instruments v. Teletron Energy Management, 877 S.W.2d 276, 278 (Tex. 1994);
B.D. Click Co. v. Safari Drilling Corp., 638 S.W.2d 860, 862 (Tex. 1982); Jarrell v. Serfass, 916
S.W.2d 719, 720 (Tex. App.—Waco 1996, no writ); Nueces Canyon Consol. Ind. v. Cent. Educ.,
900 S.W.2d 417, 419 (Tex. App.—Austin 1995, no writ). Therefore, Hanners' motion to extend
the time in which to file the record must be dismissed as untimely.
      Without a timely filed record and with this court lacking the authority to grant an untimely
filed motion to extend the time to file the record, this court has no authority to consider Hanners'
appeal. Tex. R. App. P. 54(a); B.D. Click Co. v. Safari Drilling Corp., 625 S.W.2d 364, 367
(Tex. App.—Eastland 1981), aff'd, 638 S.W.2d 860 (Tex. 1982); see Jarrell, 916 S.W.2d at 720. 
Therefore, his appeal is dismissed.
 
                                                                               PER CURIAM

Before Chief Justice Davis,
         Justice Cummings, and
         Justice Vance
Dismissed for failure to file transcript
Opinion delivered and filed December 18, 1996
Do not publish