**Vonnie V. BELL, Appellant,**

v.

**Jim HAIR and Caterpiller Tractor Co., Appellee.**

**No. A14–91–00835–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

March 5, 1992.

Rehearing Denied April 2, 1992.

Brenda J. Bishop, Houston, for appellant.

Sherwin A. Winniford, Gerold L. Bolfing, Waco, Jo Ann Storey, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a take nothing judgment in a products liability case against Caterpiller Tractor Co., Mustang Tractor Co., Jim Hair, and Charles Carroll.

The trial proceedings were recorded electronically pursuant to an order of the Texas Supreme Court entered February 27, 1991. The case was tried to a jury. The jury failed to find a design or marketing defect in the product in question, and also failed to find the defendants negligent. The trial court entered a take-nothing judgment in accordance with the verdict. We affirm.

■ Appellant raises two points of error. In the first point of error appellant charges that the trial court erred in making a fact finding during a pre-trial conference, that the product involved in the accident, a tractor, did not "roll over" onto the decedent, killing him. In the second point of error, appellant alleges that the trial court erred in granting appellee's motion to withdraw deemed admissions.

The record in this appeal consists of the transcript only because the statement of facts was not timely filed.[1] Therefore, references to the statement of facts by both parties in their briefs must be disregarded.

Turning to appellant's first point of error, the transcript of the trial shows only that the trial court granted appellee's motion in limine ordering all parties to refrain from mentioning or referring, directly or indirectly, in the presence of the jury, that the Caterpiller track loader tractor rolled over, without first obtaining a ruling from the court that such matters were admissible. The purpose of a motion in limine is to prevent the asking of prejudicial questions or the making of prejudicial statements in the presence of the jury. *Hartford Accident and Indem. Co. v. McCardell*, 369 S.W.2d 331, 335 (Tex.1963). As such, granting appellee's motion in limine during the pretrial conference was not a fact finding. Appellant's first point of error is overruled.

Regarding appellant's second point of error, the transcript clearly shows that appellant served a request for admissions upon Caterpiller Tractor. Although Caterpiller Tractor missed the response deadline by one day, the trial court granted appellee's motion to withdraw deemed admissions, and ordered Caterpiller Tractor's response filed.

■ Admissions may be withdrawn upon a showing of good cause for such withdrawal as determined by the trial court. TEX.R.CIV.P. 169(2). The trial court has broad discretion in permitting withdrawal or amendment of admissions, and its ruling will be set aside only on a showing of clear abuse of discretion. *Lewis v. Mundy Const. Co.*, 781 S.W.2d 333, 335 (Tex.App.—Houston [1st Dist.] 1989, writ dism'd w.o.j.). Furthermore, where the statement of facts is not part of the record, as in this case, it is presumed on appeal that sufficient evidence was present at trial to support the findings at the trial court and its judgment. *Berquist v. Onisiforou*, 731 S.W.2d 577, 581 (Tex.App.—Houston [14th Dist.] 1987, no writ); *Yoast v. Yoast*, 649 S.W.2d 289, 292 (Tex.1983).

■ The transcript clearly reflects that the trial court found good cause for the withdrawal of the deemed admissions, that plaintiffs would not be unduly prejudiced by the withdrawal, and that withdrawal would serve presentation of the merits of this action. Thus, under the record before this Court, it is impossible to find that the trial court abused its discretion. The appellant's second point of error is overruled.

---

1. Pursuant to the order entered by the Texas Supreme Court authorizing electronic recording of the trial, appellant had 15 days in which to file the statement of facts after the perfection of an appeal. Appellant filed a timely motion for a new trial on June 6, 1991, and prematurely filed a cash deposit for appeal on June 17, 1991. *See* TEX.R.APP.P. 41(c). The trial court overruled the motion for a new trial on July 8, 1991, and the appeal was thus perfected on that date. *Id.* The statement of facts was thus due July 23, 1991. This court received the statement of facts for filing on September 13, 1991.

In an order entered January 9, 1992, this court denied appellant's motion to refile the statement of facts. 832 S.W.2d 53 (Tex.App.—Houston [14th Dist.] 1992).

In that ruling, this court noted that the order in contention was not a local rule, but an order of the highest civil court which this court is powerless to strike down. *Id.*

We affirm the judgment of the trial court.