CV5-454.OVERTON 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00454-CV







Healthcare Centers of Texas, doing business as 


Overton Healthcare Center, Appellant



v.



Edith A. Valentine, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 94-07315-A, HONORABLE HUME COFER, JUDGE PRESIDING







PER CURIAM



 Healthcare Centers of Texas ("Healthcare") appeals from a trial-court judgment that
awarded Edith Valentine recovery of her trustee fees, motel expenses, attorney fees, and court
costs from Healthcare. By three points of error, Healthcare contends that the trial court erred by
ruling that Valentine could recover her trustee fees, her attorney fees, and fees that she paid to
nurses while acting as trustee. We will affirm the trial-court judgment.



BACKGROUND


 The Texas Attorney General's office filed a lawsuit, pursuant to section 242.094
of the Texas Health and Safety Code, seeking a temporary restraining order and an involuntary
appointment of a temporary trustee for Healthcare's Overton center. On June 16, 1994, the trial
court appointed Valentine to act as a temporary trustee for the Overton center. The order
appointing Valentine as temporary trustee states that Valentine was invested with the following
powers, 



to the extent--and only to the extent--necessary to prevent immediate threats to the
health and safety of the residents of Overton Healthcare Center to enter, occupy,
administer and control the facility for that period of time necessary to eliminate the
threat to the health and safety of all residents of OVERTON HEALTHCARE
CENTER, and, if necessary, to provide for and assure an orderly and safe
relocation of some or all of the residents of such high acuity level that their needs
cannot be met in the facility at the present time. . . . 


It is further ordered that the Trustee shall receive a reasonable fee to be set by the
Court after filing of a preliminary Trustee's report and reimbursement for all
reasonable and necessary expenses, including but not limited to attorney fees,
incurred in the fulfillment of her duties to be paid by [Healthcare]. Such fees and
expenses shall be awarded by the court periodically upon motion of the temporary
Trustee.



The trial court discharged Valentine as trustee on July 8, 1994. The trial court's order
discharging Valentine as trustee stated, "[Healthcare] will pay the Trustee a reasonable fee, which
will be determined by the Court if [Healthcare] and Trustee do not agree on an amount."

 About June 25, 1994, Healthcare sent Valentine a check in the sum of $1500 for
trustee expenses. Subsequently, on June 27th, July 4th, and July 8th of 1994, Valentine sent
Healthcare three invoices. The July 8, 1994 invoice claimed a total amount of $14,444.67 for fees
and expenses Valentine had incurred related to her work as a trustee. The parties could not agree
about an amount payable to Valentine for her trustee fees. 

 On September 6, 1994, Valentine filed a motion for payment of fees in the amount
of $12,944.67 plus interest. The trial court held a hearing on Valentine's motion, during which
the trial court heard evidence and argument from Healthcare that the amount requested by
Valentine for fees was unreasonable and argument from Valentine that the amount requested was
reasonable. The trial court ordered Healthcare to pay Valentine $12,944.67 as her trustee fees
(plus pre-judgment interest); $252.49 as motel expenses; $7500 as attorney fees; and costs of
court and post-judgment interest. Additionally, the trial court severed Valentine's action from the
original suit filed by the attorney general so that the parties could appeal the trial court's judgment
regarding the trustee fees. 

 The trial court filed findings of fact and conclusions of law. The findings of fact
and conclusions of law relevant to this cause are the trial court's findings that all of the services
provided by Valentine and her employees were reasonably necessary, and that the sum of
$13,197.16 was a reasonable sum for Valentine's services, expenses, and fees. The trial court
also concluded that Valentine was entitled to recover the amount of her claim because the action
was governed by Texas Rule of Civil Procedure 185, the rule addressing suits on sworn accounts. 
Additionally, the trial court concluded that, pursuant to Texas Civil Practice and Remedies Code,
section 38.001, Valentine was entitled to recovery of her attorney fees. 



TRUSTEE FEES


 By point of error one, Healthcare contends that the trial court erred in ruling that
Texas Rule of Civil Procedure 185 applied to the facts in this cause because it did not involve a
sworn account. By point of error three, Healthcare contends that the trial court erred by awarding
Valentine the sum of money that she paid to nurses when acting as trustee. Healthcare contends
that the statute providing for the award of trustee fees does not include paying for the services of
employees of the trustee. 

 On appeal, both parties argue the applicability of Texas Rule of Civil Procedure
185. This, however, is not the sole basis upon which the trial court awarded judgment in favor
of Valentine. The trial court also found, in accordance with its order appointing Valentine
temporary trustee, that the sum sought by Valentine was reasonable for her services. Healthcare
does not challenge this finding on appeal. Also, regarding Healthcare's complaint about the trial
court's award to Valentine of any monies paid to nurses, the trial court did not order Healthcare
to pay a separate amount for nurses' fees; rather, any amount Healthcare was ordered to pay
Valentine for nurses' fees were included in the amount awarded to her as trustee fees. Healthcare
submitted, for this Court's review, only one excerpt from the trial court's hearing on Valentine's
motion for payment of fees. The excerpt only addressed the attorney fees issue. When the
statement of facts is not part of the record, it is presumed on appeal that sufficient evidence was
present before the trial court to support its findings and judgment. Bell v. Hair, 832 S.W.2d 55,
56 (Tex. App.--Houston [14th Dist.] 1992, writ denied). 

 The trial court's order appointing the temporary trustee specifically orders that 



the trustee shall receive a reasonable fee to be set by the court . . . and
reimbursement for all reasonable and necessary expenses . . . incurred in the
fulfillment of her duties to be paid by Healthcare. Such fees and expenses shall be
awarded by the court periodically upon motion of the temporary trustee.



Since Healthcare did not challenge the legal or factual sufficiency of the trial court's finding that
Valentine's fees were necessary and reasonable, and did not submit a complete statement of facts
for our review, this Court presumes that sufficient evidence was presented to the trial court to
support its finding and judgment. See Tex. R. App. P. 52(a); Bell, 832 S.W.2d at 56. In the
absence of a complete record, a reviewing court cannot find reversible error. Christiansen v.
Prezelski, 782 S.W.2d 842, 842 (Tex. 1990). 

 The trial court's finding that Texas Rule of Civil Procedure 185 applies to this
cause was not the sole basis for the trial court's judgment. Error, if any by the trial court in
concluding that the cause was governed by Rule 185 was not harmful. Since an alternate reason
for recovery of Valentine's trustee fees exists that is unchallenged on appeal, and, because we
presume that sufficient evidence exists to support that unchallenged finding, the error complained
of did not amount to such a denial of the rights of appellant as was reasonably calculated to cause
and probably did cause rendition of an improper judgment. See Tex. R. App. P. 81(b)(1). We
overrule points of error one and three.



ATTORNEY FEES


 By point of error two, Healthcare contends that the trial court erred by awarding
Valentine $7500 as attorney fees. The allowance of attorney fees rests within the sound discretion
of the trial court and will not be reversed without a showing of an abuse of discretion. Ragsdale
v. Progressive Voters League, 801 S.W.2d 880, 881 (Tex. 1990). Reversal for an abuse of
discretion is justified only when the trial court's decision was arbitrary and unreasonable. 
Beaumont Bank, N.A. v. Butler, 806 S.W.2d 233, 236 (Tex. 1991); Simon v. New York Crane
& Rigging Co., 739 S.W.2d 793, 795 (Tex. 1987). 

 Valentine's suit was for personal services rendered for which a party may recover
attorney fees. See Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (West 1986). We conclude that
the trial court did not act arbitrarily and unreasonably when awarding Valentine her attorney fees. 
We overrule Healthcare's second point of error. 



CONCLUSION


 We affirm the trial court's judgment. 


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: May 29, 1996

Do Not Publish